STATE OF NORTH CAROLINA v. JAMES FRANK CULBERTSON AND FRED CULBERTSON

No. 6920SC456

(Filed 22 October 1969)

**1. Indictment and Warrant § 10—   identification of accused — variance in name — idem sonans**

Where the surname of the two defendants, who were brothers, was spelled "Cuthbertson" in the arrest warrants and in the bills of indictment, but the surname of the defendants was spelled "Culbertson" in the remainder of the record, including the signature of each defendant on the affidavits of indigency, the doctrine of *idem sonans* is applicable, and defendants' motions in arrest of judgment will be denied.

**2. Robbery § 4—   armed robbery — nonsuit**

In a prosecution for armed robbery, evidence of defendants' guilt *held* sufficient to be submitted to the jury.

**3. Criminal Law § 95—   evidence competent for restricted purpose — duty of trial court — instructions**

Absent a special request, the trial court is not required to restrict the admission of evidence offered for impeachment purposes or to instruct the jury as to the effect of testimony offered for impeachment purposes.

**4. Criminal Law § 163—   assignment of error to the charge**

An assignment of error to the charge must be based on a proper exception.

**5. Criminal Law § 42—   armed robbery — pistol connected with crime — admissibility**

Where witness in armed robbery prosecution testified on direct exami-

nation that the pistol proffered as an exhibit by the State was the pistol the defendants "held" on him, the pistol was properly admitted in evidence even though the witness stated on cross-examination that he could not positively identify the pistol.

**6. Criminal Law § 84— admission of search warrant in evidence**

Defendants in armed robbery prosecution were not prejudiced by the admission in evidence of the search warrant used to search the automobile in which the robbery shotgun was discovered.

**7. Criminal Law § 162— motion to strike evidence — instructions to jury to disregard evidence**

Where the trial court allows the defendant's motion to strike the answer of a witness, failure of the court to instruct the jury not to consider the answer of the witness is harmless when the record discloses that the jury must have understood that the witness' answer was to be disregarded as evidence in the case.

**8. Criminal Law § 162— assignment of error to evidence — proper exceptions**

In armed robbery prosecution, question on appeal relating to victim's identification of the defendants in the sheriff's office *is held* not properly presented where the only exception to such evidence appeared under the assignments of error.

**9. Criminal Law § 89; Witnesses § 5— corroborative evidence — admissibility**

Evidence which tends to corroborate a party's witnesses is competent and is properly admitted upon the trial for that purpose, even though otherwise incompetent.

**10. Criminal Law §§ 60, 61— evidence of footprints — tire tracks**

Evidence of footprints and tire tracks found at the scene of a crime is competent, and the probative force, if any, of such evidence is for the jury.

**11. Criminal Law § 89— impeachment testimony — discrediting alibi witness**

In a prosecution of two brothers for armed robbery, testimony of the officer who sought to arrest defendants that the defendants' father had stated to him on the night of the robbery, in reply to his questions as to the whereabouts of the sons, that he did not know where they were and that "they have been in so much trouble that I have got tired of looking for them," *held* competent to impeach the father's testimony that one of his sons was at home on the night of the robbery.

APPEAL by defendants from *Beal, S.J.,* 5 May 1969 Criminal Session of Superior Court held in UNION County.

Defendants were charged in separate bills of indictment with the felony of armed robbery.

Defendants, who were indigent, were each represented at the trial and on this appeal by court-appointed counsel.

Upon pleas of not guilty, trial was by jury, and the verdict was guilty.

From judgment of imprisonment, each defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Robert L. Huffman for defendant James Frank Culbertson.*

*Robert B. Clark for defendant Fred Culbertson.*

MALLARD, C.J.

[1]   Defendants, although represented by different attorneys, filed a joint brief. Defendants are brothers. In the warrants upon which they were arrested and also in the bills of indictment upon which they were tried, the last name of the defendants was spelled "Cuthbertson." In the remainder of the record, including the signatures of each defendant on the affidavits of indigency, the last name of the defendants was spelled "Culbertson." The defendants were tried under the bills of indictment without challenging the way the name is spelled, and they do not at this time specifically refer to the spelling of the last name. However, in view of defendants' motions in arrest of judgment, we deem it proper to advert to this fact and hold that the doctrine of *idem sonans* is applicable. In the case of *State v. Vincent,* 222 N.C. 543, 23 S.E. 2d 832 (1943), the Court said:

> "The term *'idem sonans'* means sounding the same. Here, the two names, 'Vincent' and 'Vinson,' sound almost alike. No point was made of the variance, if such it be, on the trial, and, of course, the defendant will not now be heard to say that his real name is 'Furgerson.' He was tried under the name of Vincent, without objection or challenge, and sentenced under the same name. There being no question as to his identity, he may retain the name for purposes of judgment."

[2]   The evidence for the State tended to show that on the 18th day of November 1968 the two defendants, James Frank Culbertson (James) and Fred Culbertson (Fred) entered the store owned and operated by the witness Lynn Crook at about 7:30 p.m. Lynn Crook, George Hegge and Maurice Trull were present in the store at the time the defendants entered. The defendant James had the .22-

calibre pistol which was introduced into evidence and pointed it at Lynn and told him, "We're serious. We will kill you. . . . We want all your money." Lynn Crook further testified, "I gave them the money because they said they would kill us." The defendants had stockings pulled over their faces which partially obscured the view of the defendants' facial characteristics. The defendants took a shotgun that Hegge had brought for Lynn Crook to sell and $150 in cash from Lynn Crook.

James did not testify and offered no witnesses. Fred offered testimony tending to show that on this occasion he and James were at the home of their parents in Polkton, North Carolina, and did not leave their home that night nor commit the robbery. Defendants' brother, Robert Culbertson, Jr., testified as a witness for Fred that the .22 pistol and .410 shotgun-.22 rifle combination introduced into evidence by the State, and which were identified as the pistol used by James in the robbery and the gun owned by Hegge, were purchased by him for $25 at a poolroom in Monroe from a man he had never seen before and had not seen since. He further testified that the weapons were kept by him in his red convertible automobile.

There was ample evidence to require submission of the case to the jury, and the judge properly overruled the motions for nonsuit.

Is should be observed that in defendants' brief the references to the pages in the record where the assignments of error and exceptions are supposed to be found are, in the main, incorrect. The State in its brief points out apparent confusion in the record proper in the following language: "The Record on appeal is confusing because the State's evidence is printed together even though some testimony was obviously offered by the State after the defendant rested."

Defendants contend that the court committed error because it failed to instruct the jury that certain testimony of Officers Norton and Dutton was being received for impeachment purposes. The narrative of this testimony comes in the record before the testimony of Robert Culbertson, Jr., and Robert Culbertson, Sr., but from the colloquy between counsel for the defendants and the court, it appears from the record that both of the Culbertsons had already testified. In connection therewith, the following occurred:

> "MR. CLARK: I feel that it is improper under these circumstances, since the only reason I can see for them offering these witnesses is for the purpose of impeaching Culbertson's testimony.
>
> COURT: That is one purpose.

MR. CLARK: I don't feel like they could offer to any other purpose.

COURT: If you want instruction on it, if you will give me your reasons for it, I will instruct the jury that they will consider it only for the purpose of impeaching him. Of course, the court in its discretion can — let the jury come back in."

[3] Counsel for the defendants did not request that this evidence be limited to the purpose of impeachment and did not request the court to instruct the jury as to the effect of evidence tending to impeach the testimony of a witness. Absent such a request, it was not error to fail to restrict the testimony and to fail to instruct the jury as to the effect of evidence received for impeachment purposes. The rule with respect to the admission of evidence for a restricted purpose is stated in 7 Strong, N.C. Index 2d, Trial, § 17, where it is said:

"The general admission of evidence competent for a restricted purpose will not be held reversible error in the absence of a request at the time that its admission be restricted."

[4] Assignments of error numbered 66, 67, 68, 69 and 70 are to portions of the charge of the court. When the charge is considered as a whole, no prejudicial error is made to appear. In addition, the assignments of error relating thereto are not based on proper exceptions. The exceptions to the charge appear only under the purported assignments of error. "The assignments of error must be based on exceptions duly noted, and may not present a question not embraced in an exception. Exceptions which appear nowhere in the record except under the purported assignments of error will not be considered." 1 Strong, N.C. Index 2d, Appeal and Error, § 24.

[5] The witness Lynn Crook testified on direct examination that the pistol introduced into evidence was the pistol the defendants "held" on him. On cross-examination, however, he appears to contradict this when he stated he could not positively identify the pistol. Defendants excepted and assigned as error the admission of the pistol. Under these circumstances, the court did not commit error in admitting the pistol in evidence.

[6] The search warrant used to search the automobile of Robert Culbertson, Jr., which resulted in the officers obtaining possession of the shotgun owned by Hegge and taken by the defendants during the robbery, was introduced into evidence over defendants' objection. Defendants do not cite any authority for their contention that its admission was error. The search warrant was not included as a

part of the record on appeal. No prejudicial error is made to appear in connection with its introduction into evidence.

[7]    The defendants assign as error the failure of the court on two occasions to instruct the jury not to consider the answer of the witness after allowing the motion to strike the answer. We hold that the jury must have understood that the answer of the witness was not to be regarded as evidence in the case. In 7 Strong, N.C. Index 2d, Trial, § 16, the applicable rule is stated:

> "Where, immediately upon motion to strike an irresponsive question, the court, in the presence of the jury, allows the motion, the fact that the court fails to instruct the jury to disregard the answer of the witness will not be held prejudicial error when the record discloses that the jury must have understood that the answer of the witness was not to be regarded as evidence in the case."

[8]    Defendants also contend that the court committed error in admitting the testimony of Lynn Crook concerning the identification of James Frank Culbertson at the office of the Sheriff of Union County. We do not agree. The witness Lynn Crook testified, without objection, that the two defendants were the ones who robbed him. The witness Lynn Crook testified, upon cross-examination by each of defendants' attorneys, without objection, that he identified James Frank Culbertson and Fred Culbertson from seeing the defendants in his store, and in court; that he later saw them on separate occasions; and that he knew them in the sheriff's office after being called to come there for the purpose of identifying defendants. No objection was made or exception taken to this questioning which was done in an apparent effort of the attorneys for defendants to attack the credibility of the witness and impeach his testimony. No motion was made to strike this testimony elicited on cross-examination by the defendants. These assignments of error are not supported by exceptions. The only exceptions in the record to the testimony relating to the identity of the Culbertsons in the sheriff's office appear under the assignments of error. This is not sufficient to present properly the question sought to be presented. See *State v. Williams*, 274 N.C. 328, 163 S.E. 2d 353 (1968) ; 7 Strong, N.C. Index 2d, Trial, § 15.

[9]    The defendants also assign as error the admission of certain evidence which tended to corroborate the testimony of the witnesses. These assignments of error are overruled. The rule with respect thereto is stated in 7 Strong, N.C. Index 2d, Witnesses, § 5, as follows:

> "Evidence which tends to corroborate a party's witnesses is

competent, and is properly admitted upon the trial for that purpose, even though otherwise incompetent. . . ."

\*          \*          \*

"The admission of corroborative evidence rests largely in the discretion of the trial court to keep its scope and volume within reasonable bounds."

The defendants have assignments of error based on exceptions to the admission of and failure to strike testimony of the witnesses relating to where the gun and pistol were found. We hold that such evidence was competent.

[10]    Defendants also complain that the court committed error in permitting the State's witness to testify concerning footprints and tire tracks found near the store where the robbery occurred. Evidence of footprints and tire tracks found at the scene of a crime are competent. The probative force, if any, of such evidence is for the jury. *State v. Brown,* 263 N.C. 327, 139 S.E. 2d 609 (1965); *State v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572 (1951); *State v. Warren,* 228 N.C. 22, 44 S.E. 2d 207 (1947); 5 Strong, N.C. Index 2d, Larceny, § 7.

State's witness Lynn Crook testified that at the time of the robbery James had on a "red banlon sweater" or a "red shirt." The witness Hegge testified that James, at the time of the robbery, had on a "red long sleeved banlon knit shirt." Simpson testified that he (Simpson) operated a general merchandise store which was located seven or eight miles from Lynn Crook's store. On the evening of 18 November 1968, James and Fred came to his store in a red convertible, and James purchased from him a box of .410-gauge shells and a box of .22-calibre cartridges.

We do not think, as contended by defendants, that the court committed prejudicial error in permitting the State's witness Simpson to testify that Deputy Sheriff Dutton, the day after the robbery, found a red shirt "laying in the side ditch" near the point where he told Mr. Dutton he had seen the defendants park the red convertible after James had purchased ammunition. This witness on cross-examination testified that, "I did not see this shirt lying in the ditch." The admissibility of such evidence was a question of law for the court; the probative force thereof, if any, was for the jury.

[11]    Deputy Sheriff Dutton testified that when he went to the home of defendants with the warrant for their arrest, the father of the defendants said, in reply to his question as to the whereabouts of defendants:

"Mr. Officer, I don't know where them boys of mine is half the time." He said, "They have been in so much trouble that I have got tired of looking for them." Said, "Just take him on and lock him up."

Defendants assign as error the failure of the court, upon motion, to strike the above testimony. We hold that the mere statement of the father telling the officers that he did not know where Fred was and that "(t)hey have been in so much trouble that I have got tired of looking for them" is not prejudicial error in this case. The father, Robert Culbertson, Sr., testified for the defendant Fred Culbertson and in doing so offered testimony in support of the alibi of Fred, that he was at home the night of the robbery. The record is not clear whether the statement complained of was made by the witness before or after Robert Culbertson, Sr., had testified. We hold that whether made before or after he testified, the statement complained of was competent for the purpose of impeaching the defendants' witness, Robert Culbertson, Sr. No request was made to limit it for such purpose.

We have carefully considered all of defendants' other assignments of error that are properly presented on this record and find no error which we think is prejudicial to the defendants.

No error.

MORRIS and HEDRICK, JJ., concur.