STATE OF NORTH CAROLINA v. EDDIE KING TENNYSON

No. 7319SC122

(Filed 14 February 1973)

1. Criminal Law § 84— marijuana seized under valid warrant — admissibility

Envelopes of marijuana found as a result of a search of defendant and his automobile were admissible in evidence where the search and seizure were by authority of a duly issued and executed search warrant.

2. Criminal Law § 99— questions by trial court — clarification of testimony

In defendant's trial for felonious possession with intent to distribute more than five grams of marijuana, questions put to a witness by the trial judge with respect to the weight of packages of marijuana seized from defendant and his automobile did not constitute prejudicial error.

3. Criminal Law § 169— evidence of marijuana residue — subsequent introduction of similar testimony

Admission into evidence of testimony concerning marijuana residue taken from a trash can in defendant's motel room did not constitute prejudicial error where possession of the residue was not the basis of the charge against defendant and where defendant elicited evidence of the same import upon cross-examination of the witness.

4. Criminal Law § 99— questions by trial court — clarification of testimony

Questions by the trial judge put to a witness during cross-examination regarding marijuana residue found by the witness in defendant's room were for the purpose of clarifying the witness's testimony and did not constitute an expression of opinion on the evidence.

APPEAL by defendant from *McConnell, Judge,* 11 September 1972 Session of Superior Court held in ROWAN County.

Defendant, Eddie King Tennyson, was charged in a bill of indictment, proper in form, with felonious possession with intent to distribute more than five grams of marijuana in violation of the North Carolina Controlled Substances Act. Upon defendant's plea of not guilty, the State offered evidence tending to show that on 9 June 1972 Officer J. P. Davis of the Salisbury Police Department stopped an automobile owned and operated by defendant at the intersection of Horah Street and Concord Road in the City of Salisbury. Within "just moments" or "two minutes" Officer C. W. Whitman and S.B.I. agent Richardson, armed with a search warrant for the defendant and his auto-

mobile, arrived at the scene. After Agent Richardson·read the search warrant to defendant, Officer Whitman went to the automobile and found a small manila envelope containing marijuana on the seat. Whitman found another envelope containing marijuana on top of defendant's shoe; and when Officer Whitman reached down to recover this envelope, another envelope containing marijuana "fell out of the pants leg." The three envelopes, admitted into evidence as exhibits 3, 4 and 5, contained more than five grams of marijuana.

Defendant testified and denied possession of the marijuana. Defendant offered the testimony of a passenger in the automobile that the marijuana belonged to him.

Defendant was found guilty as charged and from a judgment imposing a prison sentence of 2-5 years, which sentence was suspended and defendant placed on probation, defendant appealed.

*Attorney General Robert Morgan and Associate Attorney Walter E. Ricks III for the State.*

*Robert M. Davis for defendant appellant.*

HEDRICK, Judge.

[1] Based on assignments of error 1 and 3 (exceptions 1 and 3) defendant contends the court erred in admitting into evidence, over defendant's objection, the marijuana (State's exhibits 3, 4 and 5) found as a result of the search of defendant and his automobile.

These assignments of error have no merit. The record discloses that the police officers searched defendant and his automobile and seized exhibits 3, 4 and 5 by authority of a duly issued and executed search warrant.

[2] Defendant assigns as error: "[t]he action of the Court in asking the weight of the three envelopes and then allowing the Solicitor to ask the witness to answer that the total exceeded five grams."

A trial judge may ask questions of a witness to clarify his testimony. *State v. Freeman,* 280 N.C. 622, 187 S.E. 2d 59 (1972). The record reveals that the witness first testified as to the weight of two of the three packages of marijuana. The trial judge merely asked the witness to give the weight of each

of the three packages. Thereafter, the witness was permitted to testify as to the total weight of the three packages. Obviously, the purpose of the court's questions was to clarify testimony of the officer as to the weight of each package of marijuana. No prejudicial error is shown.

[3] By assignments of error 4 and 5, based on exceptions 4 and 5, defendant contends the court erred in allowing into evidence "marijuana residue" taken from a trash can in defendant's motel room and in refusing to strike testimony that "marijuana residue was found in a trash can" in defendant's motel room.

Assignment of error number 4 has no merit since there is nothing in the record to indicate that the "marijuana residue" was offered or admitted into evidence. While the record indicates that defendant duly excepted to the court's refusal to strike the testimony complained of in assignment of error number 5, it is not clear that defendant objected to the question eliciting the testimony. An objection does appear in the record immediately prior to the testimony complained of, but the exception noted therein (exception 4) purportedly is the basis of another assignment of error. A motion to strike testimony to which no objection was timely raised, is addressed to the sound discretion of the trial judge and his ruling thereon will not be reviewed on appeal absent a showing of abuse of discretion. *State v. Hunt*, 223 N.C. 173, 25 S.E. 2d 598 (1943). We do not perceive that the testimony complained of was prejudicial to defendant or that the trial court abused its discretion in denying the motion since possession of the marijuana residue was not the basis of the charge against defendant. Furthermore, the admission of the testimony could not have been prejudicial since defendant elicited evidence of the same import by his extensive cross-examination of the witness. *State v. Colson*, 262 N.C. 506, 138 S.E. 2d 121 (1964); 1 Strong, N. C. Index 2d, Appeal and Error, § 48. Assignments of error 4 and 5 are overruled.

[4] By his sixth assignment of error, defendant contends the court expressed an opinion on the evidence in violation of the provisions of G.S. 1-180 when it asked the witness, "Don't you know marijuana?" and "What is it, then?"

These questions were asked by the judge during defendant's extensive cross-examination of the officer regarding the material described as "marijuana residue" which he found in

defendant's motel room. The questions clearly were for the purpose of clarifying the witness's testimony and did not amount to an expression of opinion on the evidence by the judge. Assignment of error number 6 is not sustained.

Next defendant contends the court erred in admitting into evidence, over his objection, the search warrant and affidavit used by the officers to search the defendant and his automobile. Defendant and the State stipulated that it was not necessary that the search warrant and affidavit be included as part of the record on appeal. Prejudicial error, therefore, is not made to appear. *State v. Culbertson,* 6 N.C. App. 327, 170 S.E. 2d 125 (1969).

Defendant contends the court erred in denying his motions for judgment as of nonsuit. There was sufficient competent evidence to require submission of the case to the jury and to support the verdict.

Finally, defendant contends the court erred in its instructions to the jury. After carefully examining each exception upon which these assignments of error are based, we find no prejudicial error in the charge.

Defendant had a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and MORRIS concur.