STATE OF NORTH CAROLINA v. JOHN FRANKLIN BEST

No. 698SC191

(Filed 23 July 1969)

**1. Telephone Companies § 5— prosecution for obscene and threatening calls — sufficiency of warrant**

In prosecution on warrant charging defendant with making obscene telephone calls to a named female and threatening to kill her if she exposed him, G.S. 14-196, allegation that the offenses occurred "on or about the 9 day of August 1967 and on divers other occasions" does not render warrant defective on ground of vagueness; nor is warrant defective in failing to state what words were used to constitute the alleged offense.

**2. Indictment and Warrant § 9— sufficiency of averments**

An indictment or warrant is sufficient if it charges the offense in a plain, intelligible and explicit manner, and contains averments sufficient to enable the court to proceed to judgment and to bar a subsequent prosecution for the same offense.

**3. Indictment and Warrant § 9— failure to allege specific date**

Where time is not of the essence of the offense charged, an indictment

---

---

may not be quashed for failure to allege the specific date on which the crime was committed.

**4. Indictment and Warrant § 9— allegation of time and place**

When the exact time and place are not essential elements of the offense itself, defendant must move for a bill of particulars if he desires more information in respect thereto.

**5. Constitutional Law § 32— right to counsel — serious misdemeanor**

By virtue of the Sixth and Fourteenth Amendments to the Constitution of the United States, a defendant who is charged with a misdemeanor amounting to a serious offense has a constitutional right to the assistance of counsel during his trial.

**6. Telephone Companies § 5— prosecution for obscene calls — right to counsel**

A warrant charging violation of the statute prohibiting obscene and threatening telephone calls, G.S. 14-196, charges a serious offense entitling defendant to the assistance of legal counsel.

**7. Criminal Law §§ 67, 84— identity of accused by voice — effect of illegal arrest**

The fact that defendant might have been under illegal arrest at the time the prosecutrix identified defendant's voice as the voice of the person who had been making obscene telephone calls to her does not *ipso facto* render the identification inadmissible.

**8. Criminal Law § 67; Constitutional Law § 32— identification of defendant by voice — right to counsel**

Where accused was asked routine questions by a deputy sheriff in order to afford the victim of obscene and threatening telephone calls, who was concealed in another room, an opportunity to identify his voice, such proceeding became a critical stage requiring the presence of counsel unless that right had been voluntarily, knowingly and intelligently waived.

**9. Constitutional Law § 37— waiver of rights**

Waiver of constitutional rights may be made orally and without advice of counsel.

**10. Criminal Law § 67— identification of defendant by voice — voir dire — waiver of counsel — necessity for findings of fact**

When defense counsel moved to suppress evidence pertaining to in-custody identification of defendant's voice by victim of obscene and threatening telephone calls, trial court properly excused the jury and conducted a *voir dire*, but defendant is entitled to a new trial where court made no determination as to whether defendant voluntarily, knowingly and intelligently waived counsel at the time of the identification.

APPEAL by defendant from *Parker, J.,* at the 11 November 1968 Session of WAYNE Superior Court.

Defendant was tried on a warrant issued by a justice of the peace charging that "on or about the 9 day of August 1968 and on divers

other occasions, John Franklin Best did unlawfully and wilfully make obscene and vulgar telephone calls to Mrs. Norwood Vinson, Rt. 4, Goldsboro, N. C. and did threaten to kill the said Mrs. Norwood Vinson if she exposed him in violation of Section 14-196 of the General Statutes of N. C. against the form of the statute in such cases made and provided, and contrary to law and against the peace and dignity of the State."

On 24 September 1968, defendant was found guilty in the Wayne County Court and was given an eight-months active prison term. He appealed to the Superior Court of Wayne County for trial by jury.

The State's evidence consisted primarily of the testimony of Mrs. Norwood Vinson, George Kornegay and Deputy Sheriff Sasser. In her testimony, Mrs. Vinson related that she began receiving anonymous telephone calls containing vulgar and obscene proposals in February 1968; that in spite of her hanging up on practically every occasion and asking the person not to call her any more, she continued to receive the calls at intervals until August 1968. At that time, she reported the incidents to the police who arranged with the telephone company for the installation of a mechanism to determine the origin of the calls to Mrs. Vinson's residence. She testified that the caller not only made vulgar and obscene proposals to her but threatened to kill her if she exposed him.

George Kornegay testified that he was employed by Southern Bell Telephone and Telegraph Company in August 1968. At the request of police, he caused a cross-bar communication system to be installed in order to determine the origin of the telephone calls. On 14 August 1968, he determined that a call received by Mrs. Vinson on that date originated from a telephone listed in the name of Sarah B. Pridgen at Central Heights in the City of Goldsboro. On 17 August 1968, just before 11:00 a.m., he received a call from Mrs. Vinson saying she had just received another call from the person who had been harassing her and that he traced the call to the Pridgen telephone and determined that it was placed at 10:46 a.m. Other evidence disclosed that Sarah B. Pridgen was defendant's mother and that defendant lived with her.

Pertinent testimony of Deputy Sheriff Sasser is hereinafter set forth in the opinion.

Defendant offered no evidence. The jury returned a verdict of guilty, and from judgment imposing a two-year active prison sentence, defendant appealed.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis and Trial Attorney I. B. Hudson, Jr., for the State.*

*Herbert B. Hulse and George F. Taylor for defendant appellant.*

BRITT, J.

[1]  Defendant assigns as error the form of the warrant under which he was charged and tried. He contends that the warrant fails to state an offense within the meaning of the statute because it "alleges purely conclusions of law and does not state what words were used to constitute the alleged offense." He also contends that the allegation "on 9 August 1967 and diverse (sic) other occasions" is too vague an allegation to support a conviction.

[2-4]  An indictment or warrant is sufficient if it charges the offense in a plain, intelligible, and explicit manner and contains averments sufficient to enable the court to proceed to judgment and to bar a subsequent prosecution for the same offense. 4 Strong, N.C. Index 2d, Indictment and Warrant, § 9, p. 348. Where time is not of the essence of the offense charged, an indictment may not be quashed for failure to allege the specific date on which the crime was committed. When the exact time and place are not essential elements of the offense itself, defendant must move for a bill of particulars if he desires more definite information in respect thereto. 4 Strong, N.C. Index 2d, Indictment and Warrant, § 9, p. 350. Defendant made no motion for a bill of particulars. The assignments of error relating to the sufficiency of the warrant are without merit and are overruled.

Defendant assigns as error the refusal of the court to allow his motion to suppress evidence because of unlawful arrest and illegal identification; also the allowance of testimony relating to the identification of his voice by the prosecutrix while he was held or detained in the sheriff's office.

On voir dire, Chief Deputy Sheriff Sasser testified that immediately after 11:00 a.m. on 17 August 1968, after he was advised by Mrs. Vinson that she had received another telephone call from the person who had been calling her and the telephone company had determined that the call had originated at the home of Sarah B. Pridgen, defendant's mother, Mr. Sasser together with two other deputies sheriff went to the Pridgen home, arriving there within three or four minutes after leaving the sheriff's office. Upon arrival they found an elderly man sitting in a chair in the yard; he was later identified as defendant's grandfather. In the Pridgen residence,

they found the defendant, dressed only in pants and T-shirt; the only other occupant of the house or premises was a seven-month-old child. At Mr. Sasser's request, the defendant accompanied him and the other two officers to the sheriff's office in the courthouse. With respect to defendant's constitutional rights, Mr. Sasser's testimony was as follows:

> "I advised him that he had the right to remain silent; I read the *Miranda* — He had the right to remain silent and not make any statement; anything that he said could and would be used against him in court should he be indicted; that he had the right to talk to a lawyer for advice before we asked him any questions and to have him or anyone else with him during questioning; he had the same right to advice and presence of a lawyer even if he could not afford to employ one, and if he was indigent a lawyer would be appointed to represent him before any questioning if he desired. I asked him if he understood these rights and he said that he did. I told him that if he decided to answer questions now without a lawyer present he would still have a right to stop answering them at any time and would have the right to stop answering questions at any time until he talked to a lawyer. In response to my question he said he did understand each of these rights and having these rights in mind I asked him did he wish to talk to us or make any statement. At that time he didn't make any statement."

While taking the defendant to the sheriff's office, Mr. Sasser arranged by radio for Mrs. Vinson to go there. Upon arrival, defendant was kept in one room and when Mrs. Vinson arrived she was directed to an adjoining room; a partition wall that did not reach the ceiling separated the two rooms, enabling Mrs. Vinson to hear what was said by persons in the other room. The police proceeded to ask defendant several routine questions which he answered. Mrs. Vinson then declared that she recognized defendant's voice as the voice of the person who had been making the obscene calls to her.

Mrs. Vinson did not see the defendant at the sheriff's office but saw him a few minutes later at the magistrate's office where a warrant was issued and defendant was given a preliminary hearing. It was there that she recognized the defendant as one who had worked in the yard of her home for some two or three years and she expressed considerable surprise that the accused was the same person who had worked for her.

Defendant contends that the voice identification by Mrs. Vinson in the sheriff's office was illegal and that the evidence of identi-

fication of defendant based thereon should have been excluded. The trial judge conducted a voir dire in the absence of the jury and at the conclusion of the evidence on voir dire ruled as follows: "There was no illegal arrest. Motion as to listening to only one voice. Denied."

**[5, 6]** By virtue of the Sixth and Fourteenth Amendments to the Constitution of the United States, a defendant who is charged with a misdemeanor amounting to a serious offense has a constitutional right to the assistance of counsel during his trial. A warrant charging a violation of G.S. 14-196 charges a serious offense, entitling defendant to the assistance of legal counsel. *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245. In *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353, opinion by Lake, J., it was held that the right to have counsel appointed and to consult with him prior to participation in a police lineup is not to be deemed waived merely because of a failure of the defendant to request such appointment or consultation.

**[7]** In *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53, the Supreme Court held that a confession obtained from a person in custody as a result of an illegal arrest is not *ipso facto* inadmissible, voluntariness remaining the test of admissibility. We think the same rule would apply in this case and that it is not necessary for us to determine if defendant was "under arrest" at the time Mrs. Vinson heard him talk in the sheriff's office. It is necessary, however, that we inquire if defendant's constitutional rights were violated at the time of the voice identification.

**[8]** In *State v. Wright,* 274 N.C. 84, 161 S.E. 2d 581, in an opinion written by Huskins, J., it is said:

> "* * * [R]equiring the accused to walk, to wear certain type clothing, to talk and repeat words allegedly uttered by the assailant at the time of the crime, nothing else appearing, are pretrial procedures which defendant may be compelled to perform without violating his constitutional rights under the Fifth, Sixth and Fourteenth Amendments. *Even so, when performed by the accused for purposes of identification by the prosecutrix they then become part of a 'critical' stage requiring the presence of counsel unless that right has been voluntarily, knowingly, and intelligently waived. Gilbert v. California, supra* [388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951]. It thus becomes necessary to examine the facts and circumstances under which defendant allegedly waived his right to assistance of

counsel at the confrontation with Mrs. Byrd for identification purposes and during in-custody interrogation by Officers Upchurch and King." (Emphasis added.)

**[9, 10]**    Waiver of constitutional rights may be made orally and without advice of counsel. *State v. Wright, supra.* In the trial of the instant case, when defendant's counsel moved to suppress the evidence pertaining to Mrs. Vinson's identification of defendant's voice in the sheriff's office, the trial judge properly excused the jury and conducted a voir dire. *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1. However, the trial judge made no determination as to whether defendant voluntarily, knowingly, and intelligently waived counsel at the time he was asked questions in the sheriff's office and his answers were overheard by Mrs. Vinson. For failure of the court to make this determination, defendant is entitled to a new trial.

Inasmuch as the defendant is awarded a new trial for the reasons above stated, we do not deem it necessary to pass upon the other questions brought forward and argued in defendant's brief, as they may not arise upon a retrial.

New trial.

MALLARD, C.J., and PARKER, J., concur.