STATE OF NORTH CAROLINA v. REGINALD JACK DIXON AND
NATHANIEL D. DAVIS

No. 7026SC207

(Filed 6 May 1970)

**1. Unlawful ·Assembly; Indictment ,and Warrant § 17— variance between warrant and proof**

In a prosecution for the common law offense of going armed with unusual and dangerous weapons to the terror of the people, there was no

fatal variance between the warrants and the proof on the ground that the warrants charged that defendants acted in the company of eight other persons but the proof failed to show the presence of two of the named "other persons" at the time and place of the offense, since the naming of the eight persons in the warrants was mere surplusage and could be disregarded.

**2. Criminal Law §§ 89, 95;    Witnesses § 5— corroborative testimony — necessity for voir dire**

Under the established procedure in this State, the trial judge is not required to conduct a voir dire examination of a corroborating witness to determine whether or not the witness' proffered testimony will in fact corroborate previous witnesses.

**3. Criminal Law § 147.5— prerogative of Court of Appeals**

It is not the prerogative of the Court of Appeals to overrule a procedure that has been repeatedly approved by the Supreme Court of this State throughout the years.

**4. Criminal Law § 89— corroborative testimony — variances**

Where proper instructions are given, slight variances in corroborating testimony do not render such testimony inadmissible.

**5. Criminal Law § 113— instruction as to guilt of joint defendants**

Trial judge's charge in joint trial of two defendants *held* not susceptible to the construction that a finding of guilt as to one defendant would support a conviction of both.

APPEAL by defendants from *Snepp, J.,* 17 November 1969 Schedule "B" Criminal Session of MECKLENBURG County Superior Court.

Defendants were tried and convicted in the District Court of Mecklenburg County on warrants charging them with the common law offense of going armed with unusual and dangerous weapons to the terror of the people. From judgments imposing active prison sentences of 18 months defendants appealed to the Superior Court where the jury returned verdicts of guilty as to each defendant. The Superior Court judge also imposed active prison sentences of 18 months and defendants appealed.

*Robert Morgan, Attorney General, by Eugene A. Smith, Assistant Attorney General, and James E. Magner, Staff Attorney, for the State.*

*George S. Daly, Jr., for defendant appellants.*

GRAHAM, J.

Defendants make no contentions respecting the sufficiency of the proof offered to sustain convictions for the common law offense charged. We therefore do not set forth the facts relied upon by the

State. Suffice to say that the facts and charges here are amazingly similar to those considered by the Supreme Court in *State v. Dawson,* 272 N.C. 535, 159 S.E. 2d 1.

[1] Defendants do contend, however, that judgments of nonsuit should have been entered on the grounds that there was a fatal variance between the warrants and the proof. This contention is without merit.

The warrants charged that the defendants acted in the company of eight other persons. A list of eight persons was attached to the warrants. No proof was offered to show the presence of two of the "other persons" named as being present at the time and place the offenses were committed.

The defendants were not charged with conspiracy and it was unnecessary for the warrants to charge or for the State to prove that defendants were in the company of anyone when the offenses were committed. See *State v. Huntley,* 25 N.C. 418. The naming in the warrants of the eight persons allegedly accompanying defendants was mere surplusage. If an averment in an indictment is not necessary in charging the offense, it may be disregarded. *State v. Stallings,* 267 N.C. 405, 148 S.E. 2d 252.

It cannot here be seriously contended that the State's failure to offer proof as to the identity of each of the individuals who allegedly accompanied defendants tended to "ensnare" defendants or deprive them of an opportunity to adequately present their defense (see *State v. Wilson,* 264 N.C. 373, 141 S.E. 2d 801; *State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396) ; or, that defendants have been placed in peril of subsequently being prosecuted for the same offense. *State v. Best,* 5 N.C. App. 379, 168 S.E. 2d 433.

[2] Defendants next assign as error the court's failure to order a *voir dire* examination of a police officer, a witness for the State, before allowing him to give corroborative testimony. When the witness was asked by the solicitor what certain previous witnesses had told him, defendants objected and the court immediately instructed the jury as follows:

> "Ladies and gentlemen of the jury, any statement made to Officer Hearn by the previous witnesses may be considered by you for one purpose only. You may consider it in corroboration of the testimony of the other witnesses, if you find that it does, in fact, corroborate them."

[3, 4] Defendants concede that the procedure followed and the instructions given were proper under the rules now prevailing in this

State. They argue, however, that this Court should formulate a "prophylactic rule" requiring that a *voir dire* examination be conducted to determine in advance whether or not the corroborative testimony being offered does in fact corroborate previous witnesses. We do not deem it the prerogative of this Court to overrule a procedure that has been repeatedly approved by the Supreme Court of this State throughout the years. "When objection is made and the court properly restricts the evidence to the purpose for which competent, defendant cannot complain of any prejudicial effect." 2 Strong, N.C. Index 2d, Criminal Law, § 95 and cases therein cited. Furthermore, it is essentially the duty of a jury to determine whether or not the testimony of one witness corroborates that of another. *State v. Case*, 253 N.C. 130, 116 S.E. 2d 429; *Lassiter v. R. R.*, 171 N.C. 283, 88 S.E. 335. And where proper instructions are given, slight variances in corroborating testimony do not render such testimony inadmissible. *State v. Crawford*, 3 N.C. App. 337, 164 S.E. 2d 625.

A review of the testimony here in question indicates that it did in fact substantially corroborate that of the previous witnesses. To the extent that it may not have been corroborative we do not have reason to believe that it was considered by the jury for any purpose. This assignment of error is overruled.

**[5]** Defendants' final assignment of error is to a portion of the jury charge wherein they contend it was made to appear that the guilt of both defendants was dependent upon the guilt of either. Reading the portion of the instructions excepted to in the context of the entire charge we fail to find that the jury could have been in any way misled to the prejudice of either defendant. In the portion of the charge complained of the trial judge was giving general instructions as to the presumption of innocence that surrounds any defendant charged with a crime and the burden placed on the State to prove guilt beyond a reasonable doubt in order to overcome that presumption. At least three times in his charge the trial judge clearly instructed the jury that the question of the guilt of each defendant was an individual question. Nowhere in the charge do we find language that could imply to the jury that a finding of guilt as to one defendant would support a conviction of both.

In the entire trial we find no prejudicial error.

No error.

BROCK and BRITT, JJ., concur.