STATE OF NORTH CAROLINA v. GRADY DEBBS KERSH

No. 7129SC460

(Filed 4 August 1971)

1. **Indictment and Warrant § 9— surplus averments**

    If an averment in an indictment is not necessary in charging the offense, it may be disregarded.

2. **Burglary and Unlawful Breakings § 10— possession of housebreaking tools — indictment — surplus allegation**

    In an indictment alleging possession of housebreaking implements, an allegation that defendant possessed implements for opening car doors, which was not illegal under the statute, could be disregarded as surplusage. G.S. 14-55.

3. **Burglary and Unlawful Breakings § 10; Indictment and Warrant § 17— possession of housebreaking tools — variance between indictment and proof**

    There was no material variance between an indictment alleging that the housebreaking tools possessed by defendant were in front of "his automobile" and evidence indicating that another·person owned the automobile and that most of the tools were located in the trunk of the car.

4. **Searches and Seizures § 2— warrantless search of automobile — consent of owner**

    The evidence fully supported a finding that the owner of an automobile voluntarily consented to a warrantless search which uncovered defendant's housebreaking implements in the trunk of her car, and there is no merit to defendant's contention that the officers undertook the search by means of a defective search warrant.

5. **Criminal Law § 175— review of findings of fact**

    Findings of fact made by the trial judge are conclusive on review if supported by any competent evidence.

6. **Criminal Law § 76— admissibility of spontaneous statement to police officers**

    Evidence fully supported a finding that defendant's statement to police officers explaining his possession of housebreaking implements was made spontaneously and as a voluntary statement and not as a result of a custodial interrogation.

APPEAL by defendant from *Snepp, Judge,* 26 January 1970 Session of Superior Court held in POLK County.

Defendant was tried upon a bill of indictment charging that on 21 September 1969 he unlawfully, wilfully and feloniously had in his possession and without lawful excuse "implements

of housebreaking and burglary, to wit: pick-locks, keys, bits and wires used for the purpose of opening locked doors of autobiles; screwdrivers, files and a crowbar, located in the front of his automobile in Polk County. . . . "

The State offered evidence tending to show the following:

At approximately 12:30 p.m. on 21 September 1969 the Chief of Police of Tryon saw defendant use a credit card listed in another's name for the purchase of gas at a Tryon service station. Defendant was driving a 1963 Ford with a Michigan license plate and was accompanied in the car by Mrs. Pearl Scruggs. After being advised of his constitutional rights, defendant requested counsel and was furnished with a list of attorneys and their telephone numbers. As a result of a telephone call Attorney William Miller came to the station and conferred with defendant. Mr. Miller did not agree to represent defendant at that time but was later appointed as his attorney.

Mrs. Scruggs furnished the Tryon police with a registration card indicating the 1963 Ford was registered in her name in the State of Michigan. The license plates displayed on the car did not conform to the registration so a warrant was obtained charging Mrs. Scruggs with improper registration. While the warrant was being prepared the car was searched and various implements were seized, including a crowbar which was located in the front of the car, and various items located in the trunk including a set of 18 lock-picks, 4 pull keys, 7 different tension tools, about 2,000 automobile "try keys" and various master keys for different types of door locks. Also found in the car were five different sets of license plates, 146 cartons of cigarettes, a tape recorder, slugs which could be used in coin machines, and other items.

While the search was being conducted an officer, upon seeing the tools, remarked to another officer, "What do we have here?" Defendant then said something to the effect: "That's all right, those are mine, I am a locksmith. . . . I wish we had driven the other car today."

Mrs. Scruggs testified that the tools did not belong to her and that defendant had packed the automobile.

The jury returned a verdict of guilty and from judgment of imprisonment imposed thereon defendant appealed.

*Attorney General Morgan by Deputy Attorney General White and Trial Attorney Hart for the State.*

*J. T. Arledge for defendant appellant.*

GRAHAM, Judge.

Defendant contends that his motion to dismiss and his subsequent motion in arrest of judgment were improperly overruled, arguing that the bill of indictment did not charge the offense of possessing implements of housebreaking as set forth in G.S. 14-55; and further, that there was a fatal variance between the indictment and the proof.

The indictment was drawn under the provisions of a portion of G.S. 14-55 which provides: "If any person . . . shall be found having in his possession, without lawful excuse, any picklock, key, bit, or other implement of housebreaking; . . . such person shall be guilty of a felony. . . . " In our opinion the indictment clearly charges a violation of this provision. See *State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25; *State v. Morgan,* 268 N.C. 214, 150 S.E. 2d 377.

[1, 2] Defendant's position is apparently that reference in the indictment to "wires used for the purpose of opening locked doors of automobiles" renders the charge ambiguous. It is true that G.S. 14-55 does not make it illegal to possess implements used for opening car doors. However, reference in the indictment to the defendant's possession of items used for this purpose is mere surplusage since the indictment also charges the possession of specific items listed in the statute, and the proof shows that defendant possessed these specific items as well as other items which come within the generic term of implements of housebreaking. If an averment in an indictment is not necessary in charging the offense, it may be disregarded. *State v. Stallings,* 267 N.C. 405, 148 S.E. 2d 252; *State v. Dixon,* 8 N.C. App. 37, 173 S.E. 2d 540.

[3] Defendant contends that a variance between the indictment and the evidence arises because the indictment alleges that the items defendant possessed were in the front of "his automobile"; whereas, the evidence indicated Mrs. Scruggs owned the auto-

mobile, and further, that most of the tools in question were located in the trunk of the automobile. These variances are not material. The evidence tended to show that defendant was in control of the automobile; also, that he owned the tools and had placed them therein. Under these circumstances, who owned the automobile, and where the tools were located therein, were not essential elements which had to be shown in order to convict defendant of possession of burglary tools within the meaning of G.S. 14-55.

[4] Defendant next contends that the search of Mrs. Scruggs' automobile was illegal since, at the time of the search, the officers were in possession of a search warrant which was later found to be defective. It is true, as defendant asserts, that a search cannot be justified as lawful on the basis of consent when consent is based upon a representation by the official conducting the search that he possesses a warrant. *Bumper v. North Carolina,* 391 U.S. 543, 20 L. Ed. 2d 797, 88 S.Ct. 1788. Here, however, there was no representation by the officer to this effect. In fact it was not until after Mrs. Scruggs consented to the search that a warrant was obtained. The officer conducting the search explained that he obtained the warrant to be on the safe side, stating "I was trying both ways. . . . I am not a learned lawyer by any means."

The circumstances of this case do not compare even slightly with those in *Bumper.* There, evidence was presented upon *voir dire* from which the Supreme Court of the United States concluded that the consent given was in effect coerced. The occupant of the premises searched testified: "He [the law enforcement officer] said he was the law and had a search warrant to search the house, why I thought he could go ahead. I believed he had a search warrant. I took him at his word." Mr. Justice Stewart, speaking for the majority of the court, stated: "When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search." There was no evidence presented here that Mrs. Scruggs believed, or had any reason to believe, that at the time she consented to the search, the officers were armed with lawful authority to conduct the search and therefore to resist the search would be futile. On the contrary, the evidence was that she gave the keys to the officer and said "go ahead and search it."

State v. Kersh

Mrs. Scruggs was present at trial and testified before the jury for the State. It is significant that defendant did not call her to testify on *voir dire* and presented no evidence to the effect that she did not freely and voluntarily consent to the search.

[4, 5] After an extensive *voir dire* hearing on the question of the constitutionality of the search, the court made extensive findings of fact and concluded that the tools in question were seized as a result of a search to which the owner of the car had consented. Findings of fact made by the trial judge are conclusive on review if supported by any competent evidence. *State v. Gray*, 268 N.C. 69, 150 S.E. 2d 1. We hold that the evidence amply supported the court's findings which in turn support the conclusions reached.

[6] Defendant assigns as error the admission of his statement made while the search was being conducted. He contends that the statement came after he had requested counsel and before counsel had been obtained. Whether this is correct is immaterial as the court found the facts from evidence elicited upon *voir dire* and concluded that the statement was not made as a result of custodial interrogation, but was made spontaneously and as a voluntary statement. The evidence compels this conclusion. Defendant testified on *voir dire*, "I do not recall being asked anything at the time of the search. . . . At the time we were standing there when something was said about tools, I said 'They are Gary's tools, he is a locksmith student.' " Thus, it appears defendant's contention at the trial related to the accuracy of the statement attributed to him, and not to the question of whether the statement resulted from continued interrogation after counsel was requested. This assignment of error is overruled.

Defendant's other assignments of error have been reviewed and found without merit.

No error.

Judges BROCK and VAUGHN concur.