STATE v. ALBERT JONES.

*Indictment—Assisting Prisoners to Break Jail—Defective Indictment.*

An indictment for assisting prisoners to break jail which does not allege that such prisoners had committed any offence, or state facts or circumstances from which the Court can see that they were lawfully in prison, is fatally defective.

(*State* v. *Shaw*, 3 Ire. 20, cited and approved.)

The transcript of the case sent to this Court sets out an indictment against the defendant for an attempt to assist prisoners to break jail, which was found at Spring Term, 1877, of WAYNE Superior Court, and states : "That the defendant by his Attorney agrees to submit and does submit to the judgment of the Court upon the following facts,— namely ; it is a fact that Joe Brown, George Holland and Cæsar Whitfield were prisoners in the common jail of Wayne County; that the defendant, Albert Jones, did cause to be carried to said prisoners while in jail, one adz and one bar of iron without the consent of Haynes Thompson (jailor) as alleged. The defendant insists that he is not guilty under the bill of indictment, because  *  *  *  it is not alleged

in said bill, for what offence said prisoners were confined in the common jail, nor that they were convicted of any crime. If the Court is of opinion that the defendant is guilty of any offence under said bill upon the facts as above stated, and if the Supreme Court should affirm the opinion of the Court below, then the defendant consents to whatever judgment may be just and proper in the discretion of the Court. Upon the *case agreed* it is considered by the Court that the defendant is guilty, and that he be confined in the county jail for six months." Appeal by defendant.

*Attorney General*, for the State.
*Mr. John D. Kerr*, for the defendant.

FAIRCLOTH, J. We cannot dispose of this case without calling attention to the gross irregularities and omissions apparent on the record. The name of no witness is endorsed on the bill of indictment, and it does not appear that a single witness was sworn, sent or heard before the grand jury. The name of the foreman is not upon the bill, nor does it appear that it was ever returned into Court. We cannot see that it was found "a true bill" or "not a true bill," and it does not appear that any confession or plea was entered ; nor that any evidence was heard or trial had, nor by whom the judgment was rendered. No verdict whatever was entered, and although it was probably intended that the agreed facts should be taken as a special verdict, it may be gravely considered whether the State and the defendant in a criminal action can agree upon facts to be considered as a special verdict, when no verdict is in fact rendered. Whether these errors occurred from inadvertence, negligence or intention, can make no difference. They cannot be tolerated. The liberty of the citizen and a due regard for the forms of law forbid it. Which of said irregularities would or would not be fatal, it is unnecessary to decide now, as the

present case will not turn upon any of them. Our opinion rests upon another and a fatal objection to the action:—

The bill alleges that certain persons were " prisoners and in the custody of one Thompson in the common jail" and that the defendant was trying to aid their escape. It does not allege that they had committed any offence for which they might be detained, nor any facts or circumstances from which the Court can see that they were lawfully in jail. No mittimus, conviction or other authority is alleged for their imprisonment. In this particular the bill is bad. It follows of course if the Court cannot say that the prisoners were lawfully in jail, it cannot say that the defendant committed an offence in trying to help them out. Even in a case where it was alleged in the bill that the prisoner was arrested by " lawful authority" and no facts, &c., were set forth by the grand jury, this Court held that to be clearly insufficient and the bill defective. *State* v. *Shaw,* 3 Ire. 20. All the precedents and recognized authorities support this view.

We are therefore of opinion that judgment ought not to have been pronounced against the defendant.

Error.

PER CURIAM.                    Judgment arrested.