## STATE v. CALLIS PADGETT.

*Appeal—Setting aside Verdict.*

It is an unwarrantable innovation in practice for a judge to set aside a verdict of "guilty" in a criminal action, and direct the entering of a verdict the reverse of that found by the jury; but as the regular and legal action of the court below ends with the setting aside of the first verdict, and the case cannot be re-heard on its merits, no appeal is allowed the state.

(*State* v. *Jones*, 78 N. C., 420; *State* v. *Lane*, *Id.*, 547; *State* v. *Keeter*, 80 N. C., 472, cited and approved.)

STATE *v.* PADGETT.

INDICTMENT for Removing a Fence tried at Fall Term, 1879, of RUTHERFORD Superior Court, before *Buxton, J.*

From the ruling of the court below, *Montgomery,* solicitor for the state, appealed.

*Attorney General,* for the State.
The defendant was not represented in this court.

SMITH, C. J. The defendant is indicted for violating the act of 1846, in removing a fence around and enclosing the cultivated field of Henry Hodge and Oliver Hicks. Bat. Rev., ch. 32, § 92. The jury returned a verdict of guilty, subject, as the record sets out, to the opinion of the court upon a case agreed, the facts of which are as follows:

It is agreed that Henry Hodge and Oliver Hicks, the alleged owners of the land, claimed under a grant from the state in 1875, and that two months before the bill was found, they had cleared and fenced and burned off a half acre, intending to break it up and sow turnips. All this was done in two days' time, and was for the purpose of asserting ownership. It is also agreed that the defendant is a *bona fide* claimant to the same land, under a proper title older than that of Hodge and Hicks, and was in occupation of part of the land covered by his deed, but not of that part claimed by them. The defendant, after being forbidden, pulled down the fence and carried away the rails, and for so doing he is indicted. The court thereupon set aside the verdict, and directed a verdict of not guilty to be entered, and from this ruling the solicitor appeals.

This is certainly a novelty in criminal procedure, and we know of no precedent which authorizes a judge to enter upon the record a verdict the reverse of that found by the jury and ordered to be set aside. It was entirely competent for His Honor to set aside the verdict rendered, for want of evidence or other sufficient cause, and the exercise of this

35

discretion is not the subject of review or correction. If, in his opinion, the facts proved do not constitute the offence charged, the solicitor could discontinue the prosecution by entering a *nolle prosequi*, or, upon a new trial, a verdict of acquittal be rendered. See *State* v. *Jones,* 78 N. C., 420.

The Attorney General, in his argument, treated the case as a special verdict, finding the facts and submitting the question of the defendant's guilt to the judgment of the court. But this is not the form nor the effect of the record.

"A special verdict," says RUFFIN, C. J., " is in itself a verdict of guilty or not guilty, as the facts found in it do or do not constitute in law the offence intended. There is nothing to do on it but to write a judgment thereon for or against the accused, that is, upon the supposition that the court deems the verdict as found to be sustained by the evidence. A judgment on it leaves the matter of law distinctly open to review in a higher court. It is for this reason principally that special verdicts are given in criminal cases, so that the state as well as the prisoner can have the matter of law solemnly decided. But in this case, instead of proceeding to judgment on the verdict given by the jury, the superior court set that aside and entered a general verdict of ' not guilty.' " " When the verdict was set aside," he adds, " the power of the superior court ended, and there is no power here to reinstate it." *State* v. *Moore,* 7 Ired., 228.

The legal and regular action of the court below terminated with the setting aside of the verdict, and in this state of the case no appeal lies and the merits cannot be enquired into. *State* v. *Bailey,* 65 N. C., 426 ; *State* v. *Keeter,* 80 N. C., 472.

The right of appeal is allowed the state only in cases where a special verdict is rendered and judgment given for defendant, or a like judgment upon his demurrer, or motion to quash, or to arrest the judgment, and in no other. *State* v. *Lane,* 78 N. C., 547.

The appeal must therefore be dismissed, and it is so ordered.

PER CURIAM.                                    Appeal dismissed.