STATE v. CHARLES JORDAN

(Filed 27 November, 1957)

1. Criminal Law § 121—

Where the indictment is fatally defective, the Supreme Court will arrest the judgment *ex mero motu.*

**2. Indictment and Warrant § 9—**

An indictment for a statutory offense which follows the language of the statute is sufficient only when the language of the statute charges each essential element of the offense, and if the statute fails to do this, the indictment must supplement the language of the statute by other allegations which explicitly and accurately set forth every essential element.

**3. Escape § 2—**

An indictment for escape or attempted escape must specify whether defendant was serving a sentence for a misdemeanor or a felony at the time, regardless of whether the escape is alleged to be a first or second offense, G.S. 148-45, and must allege, *inter alia*, the lawfulness of the custody of the defendant or facts from which the lawfulness of the custody appears.

**4. Criminal Law § 121—**

Arrest of judgment for fatal defect in the indictment does not bar further prosecution if the solicitor deems it advisable.

APPEAL by defendant from *Bickett, J.,* June Special Term, 1957, of WAKE.

The trial was on a bill of indictment charging that defendant on January 9, 1957, "did unlawfully, wilfully and feloniously escape and attempt to escape from the State Prison System, said prisoner having been previously convicted of escape, against the form of the statute in such case made and provided and against the peace and dignity of the State."

There was a verdict of guilty. Judgment, imposing a sentence, was pronounced. Defendant excepted and appealed.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Taylor & Mitchell and George R. Greene for defendant, appellant.*

BOBBITT, J. It appearing upon the face of the record that the bill of indictment is fatally defective, this Court, of its own motion, arrests the judgment. *S. v. Lucas,* 244 N.C. 53, 92 S.E. 2d 401, and cases cited.

The indictment charges that defendant escaped on January 9, 1957, from the State prison system, and that "said prisoner (had) been previously convicted of escape." No averment purports to answer any of these questions: Who had custody of defendant when the alleged escape on January 9, 1957, occurred? Was defendant then serving a sentence imposed upon conviction of a criminal offense? If so, by what court, and on what charge, had defendant been convicted and sentenced? Was the charge a misdemeanor or a felony? When, and in what court, was he convicted of the alleged prior escape? Did such

STATE *v.* JORDAN.

conviction relate to an escape from the State prison system? When the prior escape occurred, was he then serving the same sentence as that for which he was in custody on January 9, 1957?

The bill of indictment purports to allege a criminal offense in violation of G.S. 148-45, as amended by sec. 2, ch. 279, Session Laws of 1955. This statute provides (1) that "any prisoner *serving a sentence imposed upon conviction of a misdemeanor* who escapes or attempts to escape from the State prison system shall for the first such offense be guilty of a misdemeanor and, upon conviction thereof, shall be punished by imprisonment for not less than three months nor more than one year"; (2) that "any prisoner *serving a sentence imposed upon conviction of a felony* who escapes or attempts to escape from the State prison system shall for the first such offense be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than two years"; and (3) that "any prisoner convicted of escaping or attempting to escape from the State prison system who at any time subsequent to such conviction escapes or attempts to escape therefrom shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than three years." (Italics added.)

True, a second escape is a felony, punishable by imprisonment for not less than six months nor more than three years, irrespective of whether the original sentence was imposed upon conviction of a misdemeanor or of a felony. Even so, whether the original sentence was imposed upon conviction of a misdemeanor or of a felony is a material fact; for the State might establish guilt for the presently alleged escape but fail, for deficiency in the indictment or the proof, to establish the alleged prior escape. Compare *S. v. Stone*, 245 N.C. 42, 95 S.E. 2d 77. In such case, the presently alleged escape would be a misdemeanor or a felony, thus materially affecting punishment, depending upon whether the sentence he was serving at the time of his escape was for a misdemeanor or a felony.

An indictment following substantially the language of the statute is sufficient *only when it thereby charges* the essential elements of the offense "in a plain, intelligible, and explicit manner." G.S. 15-153; *S. v. Eason*, 242 N.C. 59, 86 S.E. 2d 774. If the statutory words fail to do this, they "must be supplemented in the indictment by other allegations which explicitly and accurately set forth every essential element of the offense with such exactitude as to leave no doubt in the minds of the accused and the court as to the specified offense intended to be charged." *S. v. Greer*, 238 N.C. 325, 77 S.E. 2d 917.

We do not undertake on this appeal to specify the exact averments prerequisite to a valid warrant or bill of indictment based on G.S. 148-45. Suffice to say, the bill of indictment on which defendant was tried is fatally defective. There is no averment of any kind, even in general terms, that the alleged escape of January 9, 1957, occurred while defendant was serving a sentence imposed upon his conviction of any criminal offense. In order to charge the offense *substantially in the language* of G.S. 148-45, it would be necessary to allege that the escape or attempted escape occurred when defendant was serving a sentence imposed upon conviction of a misdemeanor or of a felony, irrespective of whether the presently alleged escape or attempted escape is alleged to be a first or a second offense.

The criminal offense(s) defined in G.S. 148-45 may be committed only by a person in the custody of the State prison system and serving a sentence imposed upon conviction of a criminal offense. Compare G.S. 14-256, as amended by sec. 1, ch. 279, Session Laws of 1955, relating to prison breach and escape from county or municipal confinement facilities or officers.

While decision is based on the provisions of G.S. 148-45, it is noted that under the general law relating to criminal escape the indictment or warrant must allege the lawfulness of the custody or facts from which the lawfulness of the custody appears. *S. v. Jones,* 78 N.C. 420; *S. v. Baldwin,* 80 N.C. 390; 30 CJS, Escape sec. 25 (b) ; 19 Am. Jur., Escape, Prison Breaking and Rescue sec. 24.

The reasons underlying the requirement that the bill of indictment allege all essential elements of the purported offense are summarized by Parker, J., in *S. v. Greer, supra.*

It is noted that arrest of judgment on the ground that the bill of indictment is fatally defective does not bar further prosecution for a violation of G.S. 148-45, if the solicitor deems it advisable to proceed on a new bill. *S. v. Lucas, supra,* and cases cited; *S. v. Eason, supra,* and cases cited.

Judgment arrested.