STATE v. STEVE REVIS.

(Filed 4 May, 1966.)

**Escape § 1—**

Where the indictment for escape nowhere refers to a previous conviction of defendant for escape, it will not support a sentence for the felony.

MOORE, J., not sitting.

APPEAL by defendant from Stevens, J., January 1966 Session, MONTGOMERY Superior Court.

Defendant was tried under a bill of indictment charging that:

"* * * (O)n the 18th day of October, 1965, with force and arms, and in the County aforesaid (Montgomery), while he * * * was then and there lawfully confined in the North Carolina State Prison System in the lawfully *(sic)* custody of the Superintendent of State Prison Unit #042, Troy, North Carolina, and while then and there serving a sentence for the crime of * * * Larcency *(sic)* * * * Escape which is a Misdemeanor under the laws of the State of North Carolina, imposed at the August 4, 1965 Term General County Court, and September 23, 1965 term Recorders Court, Henderson and Montgomery Counties, then and there unlawfully, willfully, and feloniously did attempt to escape and escaped from the said State Prison Unit #042, Troy, North Carolina against the form of the Statute in such case made and provided, and against the peace and dignity of the State."

The defendant entered a plea of guilty to it and it was treated by the court as a felony for a second offense of escape. He was sentenced to serve twelve months upon the felonious charge which was to begin "at the expiration of the sentence for escape, which he is now serving for escape * * *."

From the judgment pronounced, the defendant appealed.

*S. H. McCall, Jr., Attorney for the appellant.*

*T. W. Bruton, Attorney General, Theodore C. Brown, Jr., Staff Attorney, for the State.*

PER CURIAM. An examination of the bill of indictment discloses that it does not properly charge a felonious escape because it nowhere refers to "previous conviction of escape from the State Prison System" which is one of the elements necessary under G.S. 148-45. However, it will support a charge of an escape, a misdemeanor. The Attorney General is well advised in conceding as much. The cause will be remanded to the Superior Court of Montgomery County for proper judgment upon a plea of guilty of escape, a misdemeanor. The defendant is entitled to credit for any time he may have served upon the invalid judgment.

Error and remanded.

MOORE, J., not sitting.