## STATE v. JACKIE E. STALLINGS.

(Filed 25 May, 1966.)

**1. Escape § 1—**

An indictment charging that defendant escaped from lawful custody while serving a sentence for a felony imposed in the Superior Court of a named county is sufficient without naming the felony for which defendant was imprisoned, and reference in the indictment to the felony is surplusage.

**2. Indictment and Warrant § 9—**

If an averment in an indictment or warrant is not necessary in charging the offense, it may be treated as surplusage.

**3. Escape § 1; Criminal Law § 40—**

In a prosecution for escape, certified copies of the record of the Superior Court showing defendant's conviction and sentence, or a commitment issued under the hand and official seal of the clerk of the Superior Court, is admissible for the purpose of showing that defendant was in lawful custody at the time of the alleged escape.

**4. Escape § 1; Criminal Law § 76—**

It is incompetent for the superintendent of a State Prison to testify that the commitment under which defendant was held was for a felony; even so, upon motion to nonsuit, such testimony must be considered, and when such testimony, together with other evidence, discloses that defendant escaped while serving a sentence imposed by a named Superior Court for a felony, denial of nonsuit is proper.

**5. Criminal Law § 168—**

In reviewing denial of motion to nonsuit, incompetent evidence admitted at the trial must be considered.

**6. Criminal Law § 65.1—**

The evidence considered in the light most favorable to the State *is held* to support a finding that the person indicted under the name of "Jackie Emmitt Stallings" is the same person referred to in the commitment as "Jack Stallings."

MOORE, J., not sitting.

APPEAL by defendant from *Cohoon, J.,* January 1966 Session of HALIFAX.

Criminal prosecution on bill of indictment charging that defendant on September 14, 1965, "while . . . confined in the North Carolina State Prison System in the lawful custody of M. L. Stallings, Superintendent of State Prison Camp No. 400 and while then and there serving a sentence for the crime of robbery with force, which is a felony under the laws of the State of North Carolina, imposed at the April Criminal 1959 Term Superior Court, Wake County,

then and there unlawfully, wilfully and feloniously did attempt to escape and escaped from the said State Prison Camp No. 400," etc.

The State offered evidence tending to show that defendant, a prisoner at State Prison Camp No. 400, known as Caledonia Prison, escaped therefrom on September 14, 1965; and that he was found, about midnight on September 14, 1965, stooped behind a parked automobile near a Super Market, beyond the confines of Caledonia Prison.

The jury returned a verdict of "guilty as charged" and judgment, imposing a prison sentence, was pronounced. Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*

*Dwight L. Cranford for defendant appellant.*

BOBBITT, J. Defendant assigns as error the denial of his motion for judgment as of nonsuit. There was ample evidence to support a finding that defendant was an escapee from Caledonia Prison. Discussion is limited to defendant's contention that the evidence fails to support the allegations of the indictment relating to the crime for which defendant was serving a sentence at the time of the alleged escape.

The indictment, as the court explained to the jury, is based on the following portion of G.S. 148-45: "Any prisoner serving a sentence imposed upon conviction of a felony who escapes or attempts to escape from the State prison system shall for the first such offense be guilty of a felony . . ." No question is presented as to the sufficiency of the indictment.

In *S. v. Jordan,* 247 N.C. 253, 100 S.E. 2d 497, the indictment charged that the defendant "did unlawfully, wilfully and feloniously escape and attempt to escape from the State Prison System, said prisoner having been previously convicted of escape," etc. The opinion states: "We do not undertake on this appeal to specify the exact averments prerequisite to a valid warrant or bill of indictment based on G.S. 148-45. Suffice to say, the bill of indictment on which defendant was tried is fatally defective. There is no averment of any kind, even in general terms, that the alleged escape of January 9, 1957, occurred while defendant was serving a sentence imposed upon his conviction of any criminal offense. In order to charge the offense *substantially in the language* of G.S. 148-45, it would be necessary to allege that the escape or attempted escape occurred when defendant was serving a sentence imposed upon conviction of a misde-

meanor or of a felony, irrespective of whether the presently alleged escape or attempted escape is alleged to be a first or a second offense."

The present indictment charges that defendant escaped from lawful custody while "serving a sentence for the crime of robbery with force, which is a felony under the laws of the State of North Carolina, imposed at the April Criminal 1959 Term Superior Court, Wake County," etc. We are of the opinion, and so hold, that an indictment charging a defendant with escape from lawful custody while serving a sentence imposed by judgment pronounced in the superior court of a named county for a felony is sufficient without naming the particular felony for which defendant was imprisoned. The reference to "the crime of robbery with force" is surplusage. "Allegations, without which an indictment or information for escape, or a related offense, is adequate, are deemed to be surplusage." 30A C.J.S., Escape § 25(6). The material averment is that defendant was serving a sentence imposed by judgment pronounced in the Superior Court of Wake County for a felony. Neither allegation nor proof that defendant's imprisonment was for "the crime of robbery with force" was prerequisite to conviction. To establish the alleged crime, it was necessary to prove that defendant escaped when serving a sentence imposed by the Superior Court of Wake County for *a* felony.

To establish defendant's alleged escape was from lawful custody, the State offered evidence that defendant was in the custody of M. L. Stallings, Superintendent of State Prison Camp No. 400, under authority of commitment No. 3468 entitled *"State v. Jack Stallings."* The portion thereof admitted in evidence recites that "the above named defendant" was brought to trial at the April 1959 Criminal Term of the Superior Court of Wake County, that he was convicted and that judgment was pronounced. In lieu of omitted portions, the following appears: "(The type of offense and the punishment is not permitted to be offered and is stricken from the commitment and no part of said information was disclosed or revealed to the jury.)" The record does not indicate why or at whose instance the provisions relating to the type of offense and the punishment were "not permitted to be offered."

"Court records are generally admitted to prove the lawfulness of a prisoner's custody." 19 Am. Jur., Escape, Prison Breaking, and Rescue § 27; 30A C.J.S., Escape § 26(b), p. 902.

Unquestionably, certified copies of the records of the Superior Court of Wake County showing defendant's conviction and sentence were admissible to show defendant was in lawful custody at the time of the alleged escape. *State v. King,* 372 S.W. 2d 857 (Mo., 1963), and cases cited; *State v. McGee,* 398 P. 2d 563 (Kan., 1965).

A commitment issued under the hand and official seal of the Clerk of the Superior Court of Wake County was also admissible for this purpose. Such records were also competent to show whether the offense for which defendant was imprisoned was a felony or a misdemeanor. Here, a crucial portion of the commitment was not in evidence.

The superintendent, on direct examination, identified commitment No. 3468 as the commitment "for Jack Stallings." Thereafter, the record shows: "(Q.  And is it a commitment for a felony offense? OBJECTION BY DEFENDANT OVERRULED. DEFENDANT EXCEPTS. A. Yes.) To the foregoing question and answer in brackets the defendant excepted."

While the record discloses no reason why commitment No. 3468 in its entirety was not competent, it was error to permit the superintendent to testify as to the contents thereof or, more precisely, that it was "a commitment for a felony offense." The admission of this testimony, bearing directly upon whether defendant was serving a sentence for a felony, was prejudicial. Even so, it was for consideration in passing upon defendant's motion for judgment as of nonsuit. *S. v. McMilliam,* 243 N.C. 771, 774, 92 S.E. 2d 202.

We have not overlooked the fact that defendant is presently indicted under the name "Jackie Emmitt Stallings" and that commitment No. 3468 is entitled *"State v. Jack Stallings."* However, we are of the opinion that the evidence, when considered in the light most favorable to the State, is sufficient to support a finding that the person indicted is the person referred to in commitment No. 3468 as "Jack Stallings."

For the reasons indicated, we hold the evidence sufficient to withstand defendant's motion for judgment as of nonsuit; but, for error in the admission of incompetent evidence, a new trial is awarded.

New trial.

MOORE, J., not sitting.