STATE v. LUBY WORLEY.

(Filed 14 December, 1966.)

**1. Criminal Law § 25—**

Defendant's plea of *nolo contendere*, accepted by the court, authorizes the court to pronounce judgment in the particular case in the same manner as though there had been a conviction by verdict or plea of guilty.

**2. Escape § 1—**

Under G.S. 148-45, a second escape is a felony irrespective of whether the original sentence was imposed upon conviction of a misdemeanor or a felony, and it is not required that the indictment name the particular offense for which the defendant was imprisoned, and therefore an indictment charging a second escape after a first escape occurring while defendant was serving a lawful sentence for a misdemeanor, charges a felonious escape.

APPEAL by defendant from *Carr, J.,* September 1966 Session of BRUNSWICK.

Defendant was indicted in a bill charging that on December 13, 1965, "while he, the said Luby Worley, was then and there lawfully confined in the North Carolina State Prison System in the lawful custody of John R. Crouse, Superintendent, State Prison Camp No. 025, and while then and there serving sentences for the crime of temporary larceny, which is a misdemeanor under the laws of the State of North Carolina, imposed at the November 1965 Term of Criminal Superior Court in Wayne County, North Carolina, and also while serving a sentence for the crime of Aiding and Abetting in Larceny, which is a misdemeanor, and which was imposed at the December 1965 session of Criminal Superior Court in Sampson

County, North Carolina, then and there unlawfully, willfully and feloniously did attempt to escape and did escape from the said North Carolina State Prison System, Prison Camp No. 025, this being his second offense of escape, he the said Luby Worley, having been heretofore convicted of escape at the December 9, 1965 session of Recorder's Court of New Hanover County," etc.

Defendant tendered, but the State refused to accept, "a plea of guilty to misdemeanor escape." Thereafter, defendant tendered, and the State accepted, "a plea of *nolo contendere* to the charge in the Bill of Indictment."

Judgment imposing a prison sentence of nine months was pronounced, this sentence "to begin at the expiration of a sentence imposed in the Superior Court of Sampson County on December 2, 1965 in Case #5066 on a charge of aiding and abetting in larceny."

Defendant excepted and appealed.

*Attorney General Bruton and Staff Attorney Brown for the State.*
*Sullivan & Horne for defendant appellant.*

BOBBITT, J. In the record on appeal, defendant sets forth two assignments of error: (1) "The action of the State and Court in refusing to accept defendant's plea to guilty of misdemeanor escape"; and (2) "(t)he action of the Court in entering and signing the judgment of record."

In a criminal prosecution, if the State elects to accept the defendant's plea of *nolo contendere,* the court's authority to pronounce judgment in that particular case is the same as if there had been conviction by verdict or plea of guilty. *S. v. Stone,* 245 N.C. 42, 44, 95 S.E. 2d 77, 79, and cases cited; *S. v. Stevens,* 252 N.C. 331, 113 S.E. 2d 577. Defendant having tendered, and the State having accepted, a plea of *nolo contendere* "to the charge in the Bill of Indictment," the sole question is whether the indictment charges a criminal offense punishable as provided in the judgment.

The State having refused to accept "a plea of guilty to misdemeanor escape," we assume, for present purposes, that the court, in pronouncing judgment, considered the indictment charged a felony escape. Too, it is assumed the alleged prior conviction for escape "at the December 9, 1965 session of the Recorder's Court of New Hanover County" was for a misdemeanor escape.

G.S. 148-45 in pertinent part provides: "(a) Any prisoner serving a sentence imposed upon conviction of a misdemeanor who escapes or attempts to escape from the State prison system shall *for the first such offense* be guilty of a misdemeanor and, upon conviction thereof, shall be punished by imprisonment for not less than

three months nor more than one year. Any prisoner serving a sentence imposed upon conviction of a felony who escapes or attempts to escape from the State prison system shall *for the first such offense* be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than two years. Any prisoner convicted *of escaping or attempting to escape from the State prison system who at any time subsequent to such conviction escapes or attempts to escape therefrom* shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than three years." (Our italics.)

The indictment charged: (1) Defendant's escape on December 13, 1965, was from lawful custody of the named superintendent of State Prison Camp No. 025; (2) defendant, when he escaped, was serving sentences imposed in misdemeanor cases at November 1965 Session of Wayne Superior Court and at December 1965 Session of Sampson Superior Court; and (3) defendant had theretofore been convicted of escape at the December 1965 Session of the Recorder's Court of New Hanover County.

Defendant contends the words "temporary larceny" and the words "Aiding and Abetting in (misdemeanor) larceny" do not sufficiently define criminal offenses. The term "temporary larceny" is inexact. An aider and abetter in the commission of misdemeanor larceny is guilty as a principal. Be that as it may, a description of the criminal offenses for which defendant was serving sentences was unnecessary. In *S. v. Stallings*, 267 N.C. 405, 148 S.E. 2d 252, it was held: (1) "that an indictment charging a defendant with escape from lawful custody while serving a sentence imposed by judgment pronounced in the superior court of a named county for a felony is sufficient without naming the particular felony for which defendant was imprisoned"; (2) that the reference in the indictment to "the crime of robbery with force" was surplusage; and (3) that the material averment was that defendant "was serving a sentence imposed by judgment pronounced in the Superior Court of Wake County for a felony." In the present case, the indictment alleges plainly that the defendant at the time of his escape on December 13, 1965, then in lawful custody, was serving sentences imposed by judgments pronounced in the superior courts of the named counties in misdemeanor cases.

Defendant contends the third sentence in the portion of G.S. 148-45 quoted above, to wit, "(a)ny prisoner convicted of escaping or attempting to escape from the State prison system who at any time subsequent to such conviction escapes or attempts to escape therefrom shall be guilty of a felony and, upon conviction thereof,

shall be punished by imprisonment for not less than six months nor more than three years," refers only to "a second (subsequent) escape from a felony conviction." The contention is without merit. Each of the two preceding sentences classifies the crime and defines the punishment for the "first such offense." The third sentence classifies the crime and defines the punishment for a subsequent offense of escape, irrespective of whether such prior escape occurred while defendant was serving a misdemeanor or a felony sentence.

It was stated in *S. v. Jordan,* 247 N.C. 253, 100 S.E. 2d 497, that "a second escape is a felony, punishable by imprisonment for not less than six months nor more than three years, irrespective of whether the original sentence was imposed upon conviction of a misdemeanor or of a felony." Although unnecessary to decision in *Jordan,* the quoted statement is approved and adopted as a correct statement of the law applicable to the present case.

Consideration has been given to all questions presented by defendant's assignments of error. No error appearing, the judgment of the court below is affirmed.

Affirmed.