STATE OF NORTH CAROLINA v. EMMETT JACKSON

No. 7216SC250

(Filed 29 March 1972)

1. Criminal Law § 25— plea of nolo contendere

A plea of nolo contendere, like a plea of guilty, leaves open for review only the sufficiency of the indictment and waives all defenses other than that the indictment charges no offense.

2. Escape § 1— second escape — indictment

Bill of indictment was insufficient to charge the felony of second escape where it failed to allege a "previous conviction of escape from the State Prison System." G.S. 148-45.

3. Escape § 1— escape while serving felony — indictment

Bill of indictment was insufficient to charge the felony of escape while serving a felony sentence, notwithstanding the indictment used the word "felony" to describe one of the offenses for which defendant was serving sentence when he escaped, where it also alleged that sentences for both offenses were imposed in district courts, since district courts are without jurisdiction to impose sentence in felony cases; however, the indictment was sufficient to charge misdemeanor escape.

Judge CAMPBELL dissenting.

APPEAL by defendant from *Blount, Special Judge,* 29 November 1971 Session of Superior Court held in SCOTLAND County.

Defendant was brought to trial under a bill of indictment charging that:

" . . . [O]n the 21st day of June, 1971 . . . while he the said Emmett Jackson was then and there lawfully confined in the North Carolina State Prison System in the lawful custody of North Carolina Department of Correction, J. E. Osborne, Superintendent, Camp #5046, Wagram, North Carolina, and while then and there serving a sentence for the crime of

Breaking, Entering and Larceny
Escape                                        , which is a

Misdemeanor
Felony            , under the laws of the State of
                                        December 1970
North Carolina, imposed at the May 1971
        District            Sampson
session District Court, Scotland County, then and there unlawfully, wilfully, and feloniously did attempt to escape and escaped from the said North Carolina Department of Correction, J. E. Osborne, Superintendent, Camp #5046, Wagram, N. C. . . . "

Defendant tendered a plea of nolo contendere. The trial court examined defendant extensively, under oath, as to the voluntariness of his plea. Based upon answers given by defendant, the plea was adjudged to have been freely, understandingly and voluntarily made and it was ordered entered upon the record. The questions of the court and the answers of defendant appear in the record.

Judgment was entered imposing a prison sentence of not less than 18 nor more than 24 months, the sentence to begin at the expiration of sentences now being served.

*Attorney General Morgan by Associate Attorney Speas for the State.*

*Walter J. Cashwell, Jr., for defendant appellant.*

GRAHAM, Judge.

No assignments of error are brought forward and argued in defendant's brief and his court appointed counsel states that he has reviewed the record and can find no error. There is

plenary evidence to support the court's conclusion that defendant's plea of nolo contendere was freely, understandingly and voluntarily made.

[1]  "A plea of *nolo contendere,* like a plea of guilty, leaves open for review only the sufficiency of the indictment and waives all defenses other than that the indictment charges no offense." *State v. Stokes,* 274 N.C. 409, 412, 163 S.E. 2d 770, 773.

We find the bill of indictment insufficient to charge the offense of felonious escape. Under G.S. 148-45, "[a]ny prisoner convicted of escaping or attempting to escape from the State prison system who at any time subsequent to such conviction escapes or attempts to escape therefrom shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than three years." Also, "[a]ny prisoner serving a sentence imposed upon conviction of a felony who escapes or attempts to escape from the State prison system shall for the first such offense be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than two years."

[2]  To charge a felony for a second offense of escape it is necessary for the bill of indictment to refer to a "previous conviction of escape from the State Prison System" which is one of the necessary elements under G.S. 148-45. *State v. Revis,* 267 N.C. 255, 147 S.E. 2d 892. The bill of indictment here, which is quite similar to the one considered insufficient to charge a felony in *Revis,* fails to contain this essential element and therefore will not support a judgment imposing sentence for a second offense of escape.

[3]  The bill is also insufficient to charge an escape while serving a sentence for a felony conviction. An indictment charging that a defendant escaped while serving a sentence for a felony imposed *in the superior court* in a named county is sufficient without naming the felony. *State v. Stallings,* 267 N.C. 405, 148 S.E. 2d 252. Here, the indictment uses the word "felony" to describe one of the offenses for which defendant was serving sentence when he escaped. However, the indictment also alleges that sentences for both of the offenses were imposed in district courts. District courts are without jurisdiction to impose sentences in felony cases, G.S. 7A-272, and we must

State v. Jackson

assume that any sentence imposed in a district court was for an offense that was of a grade less than felony.

The record suggests that the sentences defendant was serving at the time he escaped were for misdemeanor offenses and that the State intended to charge defendant with a second offense of escape.

While the bill of indictment is insufficient to charge a felonious escape, it will support a charge of misdemeanor escape. See *State v. Revis, supra.* Misdemeanor escape is punishable by imprisonment for not less than three months nor more than one year. The case will be remanded for proper judgment upon a plea of nolo contendere to a charge of misdemeanor escape.

Error and remanded.

Judge BRITT concurs.

Judge CAMPBELL dissents.

Judge CAMPBELL dissenting:

In my opinion the bill of indictment in this case which is set forth in the opinion is insufficient for any purpose. It apparently requires reading like a sheet of music with certain notes above a line and certain notes below a line. I have never been able to read music, which I have always regretted, but nevertheless find true. A bill of indictment should not have to be read as a sheet of music or by one with peculiar attributes and understanding. A bill of indictment should set forth in a clear and accurate manner the offense which is charged and in such way that any ordinary, reasonable person can understand it. The bill of indictment in this case does not meet this requirement; and since this deficiency appears on the face of the record, I think it should be quashed and the judgment appealed from abated.