STATE OF NORTH CAROLINA v. LINWOOD EARL HINES

No. 728SC495

(Filed 2 August 1972)

1. **Indictment and Warrant § 9— unnecessary averment — surplusage**

    If an averment in an indictment is not necessary in charging the offense, it may be treated as surplusage.

2. **Burglary and Unlawful Breakings § 5— motion for nonsuit — sufficiency of evidence**

    In a prosecution charging defendant with possession of a dangerous and offensive weapon with intent to feloniously break and enter a business establishment, defendant's motions for nonsuit were properly overruled where the evidence, viewed in the light most favorable to the State, tended to show that defendant was discovered late one night near the door of a business establishment with a claw hammer in his hand and that there was a hole in the door where earlier in the day there had been none.

3. **Burglary and Unlawful Breakings § 6— "implement of housebreaking" — "dangerous or offensive weapon" — instructions**

    In an action charging defendant with the first offense defined in G.S. 14-55, the trial court erred in instructing the jury on the first and the second offenses defined in G.S. 14-55 when it substituted "implement of housebreaking," an element of the second offense defined in the statute, for "dangerous or offensive weapon," an element of the first offense defined in the statute.

4. **Criminal Law § 158— matters in record — conclusiveness on appeal**

    The record imports verity and the court is bound on appeal by the record as certified and can judicially know only what appears of record.

APPEAL by defendant from *Tillery, Judge,* 15 December 1971 Session of WAYNE Superior Court.

The bill of indictment returned by the grand jury in this case charged as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Linwood Earl Hines late of the County of Wayne on the 18th day of October 1971 with force and arms, at and in the County aforesaid, unlawfully, wilfully, and feloniously was found armed with and having in his possession without lawful excuse a certain dangerous and offensive weapon, to wit: a claw hammer and other implements of dangerous and offensive nature fitted and designed for use in burglary and other house breakings with

intent to so use said implements for the purpose of unlawfully and feloniously breaking and entering a dwelling and other building occupied by one George B. Bagley, trading as Bagley Wholesale Co., located at 606 N. Center Street, Goldsboro, N. C. and to commit a felony therein, against the form and Statute in such case made and provided and against the peace and dignity of the State.

AND THE JURORS FOR THE STATE UPON THEIR OATH AFORESAID DO FURTHER PRESENT: That the said Linwood Earl Hines afterwards, to wit: on the day and year aforesaid, with force and arms, at and in the County aforesaid, was found and did then and there unlawfully and feloniously and wilfully have in his possession without lawful excuse certain implements of house breaking, to wit: a claw hammer, and other implements of dangerous and offensive nature fitted and designed for use in burglary and other house breakings against the form of the statute in such case made and provided and against the peace and dignity of the State.

Before pleading to the indictment defendant moved to strike the first count and the second count in the indictment. The court overruled the motion as to the first count but allowed the motion as to the second count. Defendant then moved to strike the words "and other implements of dangerous and offensive nature" from the first count and the motion was allowed.

The jury returned a verdict finding the defendant "guilty as charged" and from judgment imposing prison sentence of not less than four nor more than six years, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Charles Lloyd for the State.*

*George F. Taylor for defendant appellant.*

BRITT, Judge.

Defendant first assigns as error the failure of the court to grant his motion to strike the first count in the bill of indictment.

G.S. 14-55 provides: "If any person shall be found armed with any dangerous or offensive weapon, with the intent to break or enter a dwelling, or other building whatsoever, and to

commit any felony or larceny therein; or shall be found having in his possession, without lawful excuse, any picklock, key, bit, or other implement of housebreaking; or shall be found in any such building, with intent to commit any felony or larceny therein, such person shall be guilty of a felony and punished by fine or imprisonment in the State's prison, or both, in the discretion of the court."

[1]   The quoted statute defines three separate offenses. *State v. Morgan,* 268 N.C. 214, 150 S.E. 2d 377 (1966). Although the challenged count contains words set forth in the second offense defined in the statute, namely, "having in his possession without lawful excuse," we hold that said words are mere surplusage and that the count sufficiently embraces the first offense defined in the statute. If an averment in an indictment is not necessary in charging the offense, it may be treated as surplusage. *State v. Stallings,* 267 N.C. 405, 148 S.E. 2d 252 (1966).

[2]   Defendant assigns as error the overruling of his timely made motions for nonsuit. The evidence viewed in the light most favorable to the State tends to show: Police officers saw defendant kneeling by a beer truck at a sliding wooden door at Bagley Wholesale, 606 N. Center Street in Goldsboro, N. C. at approximately 11:30 p.m. on 18 October 1971. Defendant was about six inches from the sliding door with a claw hammer in his hand. There was a hole in a plywood section of the door, but not all the way through the door. No hole appeared there when last seen by the operator of Bagley Wholesale at 5:00 p.m. on 18 October 1971 and defendant stated to police officers that he was going into the store and get him some beer. We hold that the evidence is plenary to withstand the motions for nonsuit. See *State v. Lovelace,* 272 N.C. 496, 158 S.E. 2d 624 (1968). The assignment of error is overruled.

By his third assignment of error defendant contends that the court erred in its instructions to the jury, and particularly that the court did not properly declare and explain the law arising on the evidence as required by G.S. 1-180. The assignment of error is well taken and must be sustained.

As hereinabove indicated, defendant was indicted under G.S. 14-55 which defines three separate offenses. The first count in the indictment returned by the grand jury charged defendant with committing the first offense defined in the

statute and the second count charged him with committing the second offense defined in the statute. On motion of defendant the second count was stricken. The court instructed the jury as follows:

"Now, with respect to the particular aspects of the offense in which the defendant is charged. I charge you, that in order for you to find the defendant guilty, the State must prove the following things beyond a reasonable doubt.

"First, that the defendant was in possession of an implement of housebreaking. Now, I instruct you that a claw hammer, such as has been introduced in evidence in this case, is an implement of housebreaking. If you find from the evidence beyond a reasonable doubt that it is reasonably adapted for such use. Second, you must find beyond a reasonable doubt that there was no lawful excuse for the defendant's possession. That is the State must prove circumstance which show beyond a reasonable doubt that the defendant intended to use the implement, that is the claw hammer, in breaking into Mr. Bagley's Building or did, in fact, so use.

\* \* \* \*

"I further instruct you that for you to convict the defendant of this offense you must find beyond a reasonable doubt that he had this claw hammer with the intent to break or enter the building of Mr. Bagley.

\* \* \* \*

"So I charge you that you find from the evidence beyond a reasonable doubt that on or about the 18th day of October, 1971, that the defendant, Linwood Earl Hines, was in possession without lawful excuse of a claw hammer and that the claw hammer was an implement of housebreaking and if you further find that while armed with this implement he had the intent to break or enter the Bagley Building and if you further find beyond a reasonable doubt that it was his intention to commit a felony or larceny therein. If you find all of this beyond a reasonable doubt then it would be your duty to return a verdict of guilty as charged."

\* \* \* \*

[3] The State concedes, and we hold, that the quoted instructions contain error. The State contends, however, that

defendant was not prejudiced by the instructions as they placed a greater burden on the State than proper instructions would have. We cannot agree with this contention. It is apparent that the court was charging on the first two offenses defined in G.S. 14-55; this might not have been prejudicial to defendant if the court had instructed completely on the offense defendant was charged with. While the charge against defendant included his being "armed with . . . a certain dangerous and offensive weapon," the only place in the jury instructions that the court referred to a dangerous or offensive weapon was in reading the indictment and the statute to the jury. It appears that the court substituted "implement of housebreaking," an element of the second offense defined in the statute, for "dangerous or offensive weapon," an element of the first offense defined in the statute.

[4] A close reading of the first sentence of the last paragraph of the instructions quoted above discloses that there is no "if" in the first line, rendering the sentence clearly erroneous. While defendant did not point out this particular error, his exception included the entire paragraph. In all probability this is a stenographic error but the record imports verity and we are bound by the record as certified and can judicially know only what appears of record. 1 Strong, N.C. Index 2d, Appeal and Error, § 42, p. 182.

Because of prejudicial errors in the jury instructions, there must be a

New trial.

Chief Judge MALLARD and Judge CAMPBELL concur.