State v. Walters

CAMPBELL, Judge.

---

STATE OF NORTH CAROLINA v. VERNON R. WALTERS

No. 7213SC780

(Filed 20 December 1972)

1. Criminal Law § 166— failure to file brief

Failure of defendant to file a brief with the Court of Appeals works an abandonment of his assignments of error except those appearing upon the face of the record proper.

2. Escape § 1— conviction date alleged in indictment and date shown at trial different — immaterial variance

Allegation in the indictment that defendant's original conviction was at the 8 January 1968 term of court while the evidence showed

State v. Walters

that the conviction was rendered on 2 January 1968 did not constitute material variance.

**3. Escape § 1— felony escape — sufficiency of indictment**

The indictment in a felony escape case was proper where it alleged the time and place of defendant's prior escape conviction and where it alleged the time and place of defendant's original conviction for which he was in lawful custody.

**4. Escape § 1— felony escape — admissibility of records to show confinement and prior escape**

In a felony escape case, proof that defendant was lawfully confined and that he had previously been convicted of escape may be made by the submission into evidence of a certified copy of the superior court records, or a commitment issued under the hand and seal of the clerk of superior court.

APPEAL by defendant from *Bailey, Judge,* 17 April 1972 Session of BLADEN Superior Court.

Defendant was tried on a bill of indictment charging that on 3 March 1972 he escaped from State Correctional Unit #4510 while being lawfully confined subject to a sentence imposed upon conviction for felony escape at the 8 January 1968 Session of Pender County Superior Court. The indictment further alleged that defendant had previously been convicted of escape at the 2 March 1972 Term of Sampson County District Court. The indictment charged a second escape, and therefore a felony escape.

Upon a verdict of guilty, defendant was sentenced to three years' imprisonment.

*Joseph B. Chandler, Jr. for defendant appellant.*

CAMPBELL, Judge.

Defendant obtained an order extending the time to docket the appeal with this Court up to and including 20 September 1972, on which date the case was docketed. Since judgment was entered on 20 April 1972, the case was not docketed until 153 days after the date of judgment, which time does not comply with Rule 5 of the rules of this Court.

[1] In addition, defendant appellant did not file a brief with the Court as required by Rule 27. Failure by appellant to file a brief works an abandonment of his assignments of error, except those appearing upon the face of the record proper,

which are cognizable *ex mero motu. Land v. Land,* 4 N.C. App. 115, 165 S.E. 2d 692 (1969).

Under G.S. 148-45 a second escape is a felony, punishable by imprisonment for not less than six months nor more than three years, regardless of whether the original sentence was imposed upon conviction of a misdemeanor or a felony. *State v. Worley,* 268 N.C. 687, 151 S.E. 2d 618 (1966).

[2] The indictment in the instant case properly charges that defendant escaped from lawful custody while serving a sentence imposed by judgment pronounced in the Superior Court of Pender County for a felony; it is necessary only to identify the term of court by month and year. *State v. Stallings,* 267 N.C. 405, 148 S.E. 2d 252 (1966). Although the indictment stated that defendant had been convicted at the 8 January 1968 term of court, and the evidence showed that the conviction was rendered on 2 January 1968, such variance is immaterial.

[3] The indictment properly alleges a felony escape (second offense), the defendant having been convicted of escape from the State Department of Corrections at the 2 March 1972 Term of Sampson County District Court. *State v. Revis,* 267 N.C. 255, 147 S.E. 2d 892 (1966). It properly alleges the time and place of the prior escape conviction. *State v. Lawrence,* 264 N.C. 220, 141 S.E. 2d 264 (1965).

[4] Proof that defendant was lawfully confined and that he had previously been convicted of escape may be made by the submission into evidence of a certified copy of the superior court records, or a commitment issued under the hand and seal of the clerk of superior court. *State v. Ledford,* 9 N.C. App. 245, 175 S.E. 2d 605 (1970).

Defendant's conviction of felony escape was based upon a proper verdict supported by competent evidence. The sentence was within that allowed by statute.

No error.

Judges BROCK and GRAHAM concur.