STATE OF NORTH CAROLINA v. JOSEPH A. FERGUSON

No. 7323SC89

(Filed 14 February 1973)

1. **Homicide § 21— first degree murder — death by shooting — sufficiency of evidence**

    There was sufficient evidence to withstand nonsuit in a first degree murder case where the evidence tended to show that defendant and others approached a service station to inquire about an earlier shooting, that an argument ensued whereupon deceased left the station to go to his car, that the area outside the station was well-lighted, that one witness saw defendant point his shotgun at deceased when it was heard to fire, that another witness saw the flash of the shotgun and saw deceased fall, and that defendant stated that one shot had been fired and that he, defendant, fired it.

2. **Criminal Law § 42— identification of shotgun in possession of defendant — admissibility of shotgun at trial**

    The trial court properly allowed a shotgun into evidence where there was evidence tending to show that the shotgun seen in defend-

ant's possession at the scene of the shooting was discarded at a particular location after the shooting and that a shotgun was found in that location by police officers acting on information supplied to them and where a witness to the shooting identified the shotgun at the trial as having been the gun in defendant's possession at the shooting.

APPEAL by defendant from *Lupton, Judge,* 26 June 1972 Session of Superior Court held in WILKES County.

Defendant was indicted for the first degree murder of Tony Curry. The State announced in open court that a verdict of murder in the first degree would not be sought. Defendant entered a plea of not guilty and the jury returned a verdict of guilty of voluntary manslaughter. He was sentenced to serve not less than ten nor more than fifteen years imprisonment, with credit given for time served awaiting trial.

*Attorney General Robert Morgan by Edwin M. Speas, Jr., Associate Attorney for the State.*

*Chambers, Stein, Ferguson & Lanning by Charles L. Becton; Porter, Conner & Winslow by Kurt B. Conner, attorneys for defendant appellant.*

VAUGHN, Judge.

Defendant assigns as error the denial of his motions for judgment of nonsuit made at the close of the State's evidence and at the close of all the evidence. Because defendant offered evidence, the motion for nonsuit at the close of the State's evidence is waived, and the only question raised by this assignment of error concerns the denial of the motion made at the close of all the evidence and requires that we act in light of all of the evidence presented. All the evidence will be taken in the light most favorable to the State. G.S. 15-173; *State v. Robbins,* 275 N.C. 537, 169 S.E. 2d 858.

[1]   We hold that there was sufficient evidence to warrant submitting this case to the jury. There was evidence indicating that on 3 July 1971 a car containing several people had been shot at by a person or persons unknown near North Wilkesboro. A group of people, including the defendant, drove to the Service Distributors Service Station, located on Route 421 near North Wilkesboro, in order to learn more about the shooting incident, and they arrived at the service station early in the morning of 4 July 1971. A shotgun was seen in the possession of defendant while he was at the service station. A shotgun shell box had

State v. Ferguson

earlier been seen in the vehicle in which defendant arrived at the station. Several of defendant's companions entered the service station and Tony Curry and two others were questioned about the earlier shooting incident. An argument ensued and Curry left the station to go to his car. The area outside the station was well-lighted. One witness observed defendant pointing the shotgun in the direction of Curry when it was heard to fire. Another witness saw the flash of the shotgun and saw Curry fall. A doctor testified that Curry died of injuries inflicted by shotgun wounds. Curry was not armed. Defendant later said that one shot had been fired and that he, defendant, fired it. Any contradictions and discrepancies in the evidence are matters for the jury and do not warrant nonsuit. *State v. Bolin,* 281 N.C. 415, 189 S.E. 2d 235; 2 Strong, N. C. Index 2d, Criminal Law, § 104.

[2] Defendant's only other assignment of error is that the trial court erred in admitting a shotgun into evidence over defendant's objection. Defendant argues that this exhibit was not properly identified. It is proper to introduce weapons as evidence where there is evidence tending to show that they were used in the commission of a crime. Stansbury, N. C. Evidence 2d, § 118. In the present case, there was evidence tending to show that the shotgun seen in defendant's possession at the scene of the shooting was discarded at a particular location after the shooting and that a shotgun was found in that location by police officers acting on information supplied to them. A witness to the shooting stated at the trial, without objection, that, "[t]he gun that I have just examined here, and been marked as State's Exhibit No. 1, is the gun that [defendant] had." We hold that it was not error to admit the shotgun into evidence.

No error.

Judges MORRIS and HEDRICK concur.