STATE OF NORTH CAROLINA v. ROBERT E. CARROLL

No. 7315SC170

(Filed 28 March 1973)

1. **Escape § 1— testimony that defendant was "inmate" and was "captured"**

    In this prosecution for escape, the trial court did not err in permitting a witness to testify that defendant was an "inmate" of the Department of Correction on the date of the escape and that he was thereafter "captured" where the witness had personally observed such facts.

2. **Escape § 1— admissibility of commitment**

    Judgment and order of commitment upon conviction of a felony was competent evidence of the lawfulness of the custody from which defendant escaped.

3. **Constitutional Law § 31; Escape § 1— refusal to subpoena witnesses for defendant — no error**

    In this prosecution for escape, defendant's constitutional rights were not denied by the trial court's refusal to subpoena as defense witnesses several fellow inmates who would have testified that prison officials had punished defendant for the escape by restricting his confinement and denying certain privileges to him, since the witnesses could offer no testimony relevant and material in defense of the crime of escape.

4. **Constitutional Law § 36; Convicts and Prisoners § 2— solitary confinement — cruel and unusual punishment**

    Segregated confinement of a prison inmate in solitary or maximum security is not *per se* banned by the Eighth Amendment as cruel and unusual punishment, but is a question of internal administration

and discipline of prisoners normally within the discretion of prison officials.

5. Criminal Law § 26— escape from prison — administrative discipline — criminal trial — double jeopardy

Trial of defendant for escape following administrative discipline of defendant for the escape did not constitute double jeopardy.

APPEAL by defendant from *Cooper, Judge,* August 1972 Criminal Session of ALAMANCE Superior Court.

Defendant was convicted of escape occurring on 8 December 1970 from the North Carolina Prison System. The indictment charged a first offense felony escape in violation of G.S. 148-45, and upon conviction, defendant was sentenced to two years' imprisonment to begin at the expiration of any sentences currently being served.

Defendant's request that the State subpoena as witnesses on his behalf several fellow prison inmates was refused. The State stipulated that these witnesses would have testified that defendant was punished by prison officials after his return to prison and before trial for the escape, which punishment consisted of restrictive confinement and the denial of several privileges which the general population of the prison enjoyed.

*Attorney General Robert Morgan by Associate Attorney Edwin M. Speas, Jr., for the State.*

*John D. Xanthos for defendant appellant.*

CAMPBELL, Judge.

[1, 2] Defendant has argued that it was error for the trial court to allow the witness to testify that defendant was an "inmate" of the North Carolina Department of Correction on 8 December 1970, and that he was "captured." The fact that a person is a prison inmate is a status based on observable facts, as is the fact of his apprehension in some place other than the designated place of confinement. The witness having personally observed these facts may testify to them. Likewise, the judgment and order of commitment upon conviction of a felony on 5 December 1969 in Alamance County Superior Court, placed into evidence, was competent evidence of the lawfulness of the custody from which he escaped. *State v. Walters,* 17 N.C. App. 94, 193 S.E. 2d 316 (1972); *State v. Ledford,* 9 N.C. App. 245, 175 S.E. 2d 605 (1970).

[3]  The defendant also argued that his fundamental constitutional rights were denied him when the trial court refused to subpoena witnesses to appear and testify in his behalf. The right of an accused to have compulsory process for obtaining witnesses in his favor guaranteed by the Sixth Amendment to the United States Constitution, is applicable to state trials. However, it applies only to secure testimony for the defendant by persons who are physically and mentally capable of testifying to events that they had personally observed and which testimony would be revelant and material in defense of the crime charged. *Washington v. Texas,* 388 U.S. 14, 18 L.Ed. 2d 1019, 87 S.Ct. 1920 (1967).

Here the witnesses offered by defendant had no knowledge of the facts of his escape for which he was being tried, and could offer no testimony relevant and material in defense of that crime. "The right to compulsory process is not abolute, and a state may require that a defendant requesting such process at state expense establish some colorable need for the person to be summoned, lest the right be abused by those who would make frivolous requests." *Hoskins v. Wainwright,* 440 F. 2d 69, 71 (5th Cir. 1971).

[4]  Carroll was sentenced to a period of imprisonment within that allowed by the statute, G.S. 148-45, which punishment, therefore, is not unconstitutionally cruel or unusual. *State v. Powell,* 6 N.C. App. 8, 169 S.E. 2d 210 (1969). Further, segregated confinement of a prison inmate in solitary or maximum security is not *per se* banned by the Eighth Amendment as cruel and unusual punishment. Rather, it is a question of internal administration and discipline of prisoners normally within the discretion of prison officials. *Burns v. Swenson,* 430 F. 2d 771 (8th Cir. 1970), *cert. denied,* 404 U.S. 1062, 30 L.Ed. 2d 751, 92 S.Ct. 743 (1972).

[5]  Defendant's Double Jeopardy claim is also untenable. The Double Jeopardy Clause of the Fifth Amendment now applies to the states. *Benton v. Maryland,* 395 U.S. 784, 23 L.Ed. 2d 707, 89 S.Ct. 2056 (1969). In claiming this right defendant asserts that since he was punished in prison for his escape, he cannot now be tried and convicted for the same offense.

The United States Supreme Court has held that the Fifth Amendment guarantees the right to be free from a second punishment attempted to be inflicted for the same offense *by a*

*judicial sentence.* Ex Parte Lange, 18 Wall. 163, 21 L.Ed. 872 (1874). More recently, however, that court has held that the prohibition is not against being twice punished, but against being twice *put* in jeopardy. It insures freedom from the risk and hazard that an accused for a second time will be convicted of the same offense for which he was initially tried. The Double Jeopardy Clause is cast in terms of the risk or hazard of trial and conviction. *Price v. Georgia,* 398 U.S. 323, 26 L.Ed. 2d 300, 90 S.Ct. 1757 (1970).

Regardless of any inconsistency in *Lange* and *Price,* each case contemplates consequences flowing from multiple action by a court of law.

Administrative discipline of an inmate does not constitute multiple punishment within the meaning and intent of the Fifth Amendment because such punishment is not imposed by judicial sentence upon trial and conviction in a court of law.

No error.

Judges HEDRICK and GRAHAM concur.