STATE OF NORTH CAROLINA v. JIMMY MADDOX

No. 7510SC332

(Filed 17 September 1975)

1. **Constitutional Law § 34— prison inmate — punishment by prison offi-cials — subsequent trial — no double jeopardy**

    Defendant, a prison inmate who was punished by prison authorities for assaulting a fellow inmate, was not placed in double jeopardy where he was subsequently tried and convicted by a court, of law for the same offense.

2. **Assault and Battery § 14— assault with knife — sufficiency of evidence**

    In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury evidence was sufficient to be submitted to the jury where it tended to show that defendant, a prison inmate, attacked a fellow inmate with a knife, two prison guards observed the attack, defendant thereafter ran up a set of stairs leading into another cell block, defendant threw an object into that cell block, and a prison guard subsequently found a knife two or three feet from the window through which other guards had seen defendant throw an object.

3. **Criminal Law § 42— assault with knife — admissibility of knife**

    The trial court in a prosecution for assault did not err in allowing into evidence a knife allegedly used in the commission of the crime where two prison guards testified that the knife offered in evidence was the knife used in the crime or similar to the one used.

4. **Criminal Law § 114— jury instructions — no expression of opinion**

    The trial court in an assault prosecution did not express an opinion as to the credibility of the defendant and his witnesses in violation of G.S. 1-180 in that portion of the charge to the jury in which the court stated the contentions of the State.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 7 February 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 26 August 1975.

This is a criminal prosecution wherein the defendant, Jimmy Maddox, an inmate at Central Prison in Raleigh, was charged in a bill of indictment with assaulting Marcellus Murphy, a fellow inmate, with a deadly weapon with intent to kill inflicting serious injury. Defendant entered a plea of not guilty and was found guilty by the jury of assault with a deadly weapon inflicting serious injury. From a judgment that he be imprisoned for ten (10) years, said sentence to commence at the expiration of the sentence then being served, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Sidney S. Eagles, Jr., for the State.*

*DeBank and Fullwood by Douglas F. DeBank for defendant appellant.*

HEDRICK, Judge.

[1] By his first assignment of error defendant contends that his trial in the superior court placed him in double jeopardy in violation of his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution. He argues that by virtue of being punished by prison authorities prior to trial for assaulting Marcellus Murphy, he could not subsequently be tried and convicted by a court of law for the same offense. This court has prevously held that "[a]dministrative discipline of an inmate does not constitute multiple punishment within the meaning and intent of the Fifth Amendment . . . . " *State v. Carroll*, 17 N.C. App. 691, 694, 195 S.E. 2d 306, 308 (1973). Accord, *State v. Shoemaker*, 273 N.C. 475, 160 S.E. 2d 281 (1968). Consequently, this assignment of error is without merit.

[2] Next, defendant contends that the trial court erred in failing to grant his timely motions for judgment as of nonsuit. At trial, the State offered evidence tending to show that on 10 April 1974 the defendant was an inmate at Central Prison. At about 12:30 p.m. on that day the defendant, Marcellus Murphy, and two other prisoners were permitted to enter the prison's recreation area. Soon after the defendant and Murphy had entered the area, Wesley Davis, a prison guard, observed the defendant attack Murphy by making a striking motion at him. When the defendant backed away from Murphy, Davis observed "an instrument of a shiny nature in his [the defendant's] left hand." The defendant thereafter ran up a set of stairs leading to the J Block Section of the prison and threw the object in his

hand through a window into J Block. S. D. Alford, another prison guard, testified that he saw the defendant grab Murphy near his chest and make "jabbing motions at him." Alford clearly saw the defendant with a knife in his hand and further testified that the defendant ran up the stairs to J Block and threw the knife through a window into that portion of the prison. Lee Hayes, a prison guard, testified that upon instructions from a superior he went into J Block to look for a weapon and that he found a knife lying on the catwalk approximately two or three feet from the window described by Davis and Alford. Murphy received stab wounds in the chest and abdomen as a result of the incident. When the foregoing evidence is viewed in the light most favorable to the State, we are of the opinion that it is sufficient to require submission of the case to the jury and to support the verdict.

By assignment of error number seven, defendant contends that the trial court erred in allowing a knife (Exhibit 1) to be admitted into evidence. Defendant argues that this exhibit was not properly identified.

[3] It is proper to introduce weapons as evidence where there is evidence tending to show that they were used in the commission of a crime. *State v. Ferguson*, 17 N.C. App. 367, 194 S.E. 2d 217 (1973). In the instant case Wesley Davis, a prison guard, testified that Exhibit 1 was similar to the shiny object which he observed in the defendant's possession. S. D. Alford, another guard, testified that the knife he saw in the defendant's hand was either Exhibit 1 or a "knife identical to it." Furthermore, there was evidence that the knife seen in the defendant's possession during the assault was thrown by the defendant through a window into the J Block Section of the prison and that a guard discovered Exhibit 1 on a "catwalk just inside the window near the top half of the J Block stairs." We hold that there was plenary competent evidence identifying Exhibit 1 as the knife used in the commission of the crime and that it therefore was not error for the trial court to admit it into evidence. *State v. Ferguson, supra; State v. Ashford*, 7 N.C. App. 320, 172 S.E. 2d 83 (1970), cert. denied 276 N.C. 498 (1970) ; *State v. Culbertson*, 6 N.C. App. 327, 170 S.E. 2d 125 (1969).

[4] Next, defendant contends that the trial court expressed an opinion as to the credibility of the defendant and his witnesses in violation of G.S. 1-180 in that portion of the charge to the jury in which the court stated the contentions of the State. We

do not agree. A review of the portion of the charge objected to reveals that the trial court accurately set forth the contentions of the State on the issue of the credibility of the defendant and his witnesses. The trial court did not assume any fact outside of the record and in no way over-emphasized the State's contentions to the detriment of the defendant. In our opinion the trial court neither intentionally nor unintentionally expressed his opinion as to the credibility of the defendant and his witnesses.

Defendant has additional assignments of error which we have carefully considered and find to be without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.